In the Matter of Richard Don
BRACKIN, Delores J.
Brackin, Debtors.

Richard Don BRACKIN, Delores
J. Brackin, Plaintiffs,

v.

UNITED STATES of America, DEPART-
MENT OF INTERNAL REVENUE
SERVICE, Defendant.

Bankruptcy No. 90–15801.
Adv. No. 90–01000.

United States Bankruptcy Court,
N.D. Alabama, N.D.

Oct. 1, 1992.

Walter F. McArdle, for Delores J. Brackin; Najjar Denaburg, P.C., Birmingham, AL, of counsel.

Jack W. Selden, U.S. Atty., Richard O'Neal, First Asst. U.S. Atty., Sharon Simmons Asst. U.S. Atty., Cynthia M. Lewis Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

William N. Pitts, Interim Trustee.

## MEMORANDUM OPINION

EDWIN D. BRELAND, Bankruptcy Judge.

This matter is before the Court on a complaint filed by the plaintiffs, Richard Don Brackin [1] and Delores J. Brackin, seeking the Court to determine that certain tax obligations owed to the defendant, the Internal Revenue Service, are dischargeable pursuant to 11 U.S.C. § 523(a)(1). The plaintiffs also seek to have the Court determine that Delores J. Brackin is not responsible for any of the tax liability because she was an innocent spouse pursuant to 26 U.S.C. § 6013(b). The trial in this matter was held on the 8th day of August, 1991.

From the evidence presented and briefs submitted, the Court makes the following findings of fact. On April 2, 1990, the plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code. The plaintiffs also filed this adversary proceeding seeking the Court to declare that their tax liability as assessed by the defendant, the Internal Revenue Service (IRS), is greater than the amount actually owed, for a ruling as to the amount of their tax liability, and a determination that said taxes are dischargeable pursuant to 11 U.S.C. § 523(a)(1)(A). The defendant answered the complaint by alleging that the plaintiffs committed fraud and that the tax debt is

nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(C).

The plaintiffs are husband and wife and filed joint tax returns. They were divorced and then remarried. During their first marriage to each other, the IRS began an audit of Richard Don Brackin to determine his tax liability for the taxable years of 1976 through 1980. The IRS alleged that plaintiff Richard Don Brackin, an insurance agent, understated his income for those taxable years. The IRS required the plaintiffs to turn over all records, receipts and other documents for those years. As a result of the investigation/audit, the IRS made the following increases in taxes for the taxable years: (1) 1976, $138,899.54 with penalties of $69,449.79; (2) 1977, $330,923.11 with penalties of $150,461.56; (3) 1979, $1,526,572.99 with penalties of $771,860.00; and (4) 1980, $375,659.23 with penalties of $187,829.62. The plaintiffs did not file a tax return for the taxable year of 1978.

It should be noted that when the litigation concerning the dischargeability of the taxes commenced in this bankruptcy proceeding, the Court was informed that the IRS had inadvertently destroyed the records and documents pertaining to the plaintiffs' taxes for the years in question. In addition, this Court will not consider any evidence presented at the trial concerning the Marritta Avenue property because it is the subject of another adversary proceeding now pending before this Court.[2] In addition, the allegations involving the Marritta Avenue property are outside the scope of the taxable years which are the subject of this adversary proceeding.

■ The Court shall first consider the Motion for Partial Summary Judgment filed by the plaintiff, Delores J. Brackin. Mrs. Brackin contends that she had no knowledge of her husband's business and that she was an "innocent spouse" as defined in 26 U.S.C. § 6013(e). This section reads as follows:

---

1. Mr. Brackin is now deceased.

2. See AP91–80058, *United States of America v. Richard Don Brackin, et al.*

Under regulations prescribed by the Secretary, if—

(A) a joint return has been made under this section for a taxable year,

(B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,

(C) the other spouse establishes that in signing the return he or she did not know that there was such substantial understatement, and

(D) taking into account all the facts and circumstances, is it inequitable to hold the other spouse liable for the deficiency in tax for such taxable years attributable to such substantial understatement,

then the other spouse shall be relieved of liability of tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.

The evidence shows that Mrs. Brackin was a housewife during the taxable years in question. She was never employed by her husband in his business and had no knowledge of matters concerning the business. She was not involved in the preparation of the tax returns for the years in question and had no personal knowledge of what was listed in the tax returns. She stated that she signed the tax returns at the request of her husband and did not read or review said returns.

The Court finds that Mrs. Brackin had no personal knowledge of the information contained in the tax returns or of her husband's business affairs. She was given a small household allowance by her husband, and she never had the authority to issue checks on any of her husband's accounts. Also, a portion of the time between 1976 and 1980, she was divorced from her husband. She was an innocent spouse as defined by 26 U.S.C. § 6013(e). The Court finds that Delores Brackin is not liable for any taxes owed by her husband, Richard Don Brackin. The Motion for Partial Summary Judgment is due to be granted as to Mrs. Brackin.

 The next issue the Court must address is the taxes and penalties assessed against Richard Don Brackin for the tax years of 1976 through 1980. Section 523(a)(1)(c) states that a discharge under § 727 does not discharge an individual debtor from any tax liability with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax. No time limit is imposed with respect to these taxes, and no procedure for acquiring a tax lien is required. *Collier on Bankruptcy* § 523.-06[4] at 523–29 (15th ed. 1989). The purpose of this provision is to prevent the use of the Bankruptcy Code as part of a dishonest scheme to evade tax liability. The date of the taxable year with regard to which the fraud occurred is immaterial. S.Rep. No. 989, 95th Cong.2d Sess. 78, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5863.

 The government (IRS) has the burden to prove actual, intentional wrongdoing by the debtor. *In re Hopkins*, 133 B.R. 102 (Bkrtcy.N.D.Ohio 1991). The measure of proof necessary to establish fraud is a "preponderance of the evidence". *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).[3] The elements the government must establish are: (1) knowledge of the falsehood of the return; (2) an intent to evade the taxes; and (3) an underpayment of the taxes. *In re Kirk*, 98 B.R. 51, 54 (Bkrtcy.M.D.Fla.1989).

In the present case, the government concedes that the IRS inadvertently destroyed the majority of the Brackin tax file and tax records, including the supporting documentation of the bank deposits analysis. These documents are no longer available for this Court's consideration or for the plaintiffs' counsel to review. The Court was also informed that it would be impossible to reconstruct the bank deposits analysis since as least one of the banking institutions with which the Brackins did business is no longer in operation. Accordingly, the

---

**3.** The Supreme Court held that the "preponderance of the evidence" standard applies to all exceptions set forth in 11 U.S.C. § 523(a).

government presented a summary of the bank deposit analysis for each of the taxable years of 1976 through 1980. At the trial, the Court informed the parties that it would reserve ruling on the admissibility of the summary of the bank deposits analysis.

Rule 1006 of the Federal Rules of Evidence states:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, *shall* be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court. F.R.E. 1006. (Emphasis added)

█ The proponent of a summary pursuant to Rule 1006 must establish a foundation that (1) the underlying documents upon which it is based are admissible in evidence; and (2) the underlying documents were made available to the opposing party for inspection. The proponent must also show that the summarized material is itself admissible and that the summary is accurate. *Wright v. Southwest Bank*, 554 F.2d 661 (5th Cir.1977); *Needham v. White Laboratories, Inc.*, 639 F.2d 394, 403 (7th Cir. 1982); *See* B. Russell, *Bankruptcy Evidence Manual* § 1006.2 (1992).

█ The usual procedure for presenting a summary to the court is to allow the person who prepared said summary to testify as to the documents upon which the summary is based. Admission of summaries of voluminous documents rests within the sound discretion of the Court. *Id.*

█ It is the opinion of this Court that it is upon these supporting documents that the government has primarily based its allegations of fraud, unreported income and illegal deductions against Brackin. It is the opinion of this Court that the summary of the bank deposits analysis is inconclusive and the proper foundation for its admissibility was not laid. The summary of the bank deposit analysis cannot be admit-

ted into evidence by this Court. The supporting documents are not available for the plaintiffs to review, and the person who prepared said summary is not available for cross-examination. To allow the summary into evidence would be unfair and prejudicial to Brackin.

█ The second source of evidence by which the government seeks to prove its case of fraud is through the testimony of the debtor, Richard Don Brackin. Mr. Brackin testified at the trial regarding his insurance business. Brackin stated that his first year to "finance premiums" was in 1977. Brackin stated that he would issue a policy and receive approximately 130% commission in advance from the insurance company. If the premiums were $1,000.00, his commission could sometimes be $1,300.00. Brackin then loaned the insured $1,000.00 from these advances to make the first year premium payment. The insured had the option to either pay Brackin back directly or if the insured died, Brackin would be paid first from the insurance proceeds.

Brackin testified that this was how it was to work in theory. However, in reality, he was usually not repaid for the $1,000.00 that he "financed". On his federal income tax returns, Brackin stated that he would claim a deductible business expense for the amount he "financed" but did not collect from the insurers.

In some cases, the practice of receiving his commissions in advance would create a debit balance for him with an insurance company because if a policy, on which an annual advance was made, was cancelled or the premiums not paid, he would be responsible for repaying the advances he received from the insurance company. In fact, he stated that at one point he owed Intergone Insurance Company approximately $160,000.00 as repayment for advances it had made to him.

He also stated that he filed his income tax returns for the years 1976 through 1980 based upon his business records. He reported all income earned for those years. He also stated that he knew of other insurance agents who were "financing premiums" and taking the deductible expense.

958

He thought that it was an accepted business practice.

It is the opinion of this Court that the government has failed to establish that Brackin set out to intentionally defraud the IRS by taking the deductible business expenses associated with his "financing premiums". Brackin's testimony was not always clear and coherent because he had no records to refresh his memory, and he was taking medication for his terminal illness.

 From the evidence presented, the Court cannot find that Brackin intentionally took illegal business deductions or had knowledge of the falsehood of his returns. The only tax that the Court finds the debtor is liable for is the unreported income from the discharge or forgiveness of the indebtedness by Intergone Life insurance.

 Section 61(a)(12), Title 26, *United States Code,* states that gross income includes income from the discharge of indebtedness. A debtor realizes income from the "discharge of indebtedness" only when the income results from the forgiveness of, or release from, an obligation to repay assumed by the debtor at the outset of the debtor-creditor relationship. *U.S. v. Centennial Savings Bank FSB (RTC, Receiver),* ── U.S. ──, 111 S.Ct. 1512, 113 L.Ed.2d 608 (1991).

The debtor testified that he owed Intergone Insurance Company approximately $160,000.00 for advances he received, but were unearned because the policy sold was either cancelled or future premiums were not paid. Intergone attempted to collect the indebtedness from the debtor. When the collection efforts were unsuccessful, Intergone "wrote" the indebtedness off as an uncollectible debt. By doing this, Intergone cancelled or forgave the indebtedness owed by the debtor, Richard Don Brackin. The evidence shows that the debt was forgiven in 1983, and the debtor has not reported this forgiven debt as gross income on any of his subsequent tax returns.

 It is the opinion of this Court that Brackin knew or should have known that he had to report this "forgiven debt" as taxable income. The Court also finds that he intentionally failed to report this income, and by doing so, underpaid his taxes. Accordingly, taxes due and owing on the unreported income of approximately $160,000.00, including any penalty or interest, is the only debt that is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(C).

All other taxes, interest and penalties assessed against Richard Don Brackin are discharged. *See In re Burns,* 887 F.2d 1541 (11th Cir.1989) (tax penalty is discharged if tax which it is related is discharged).

An Order in accordance with this opinion will be entered.