**In re Clifford RIVERS, f/d/b/a Clifford Rivers Logging, Debtor–Plaintiff,**

v.

**UNITED STATES of America, By and Through its agency, the INTERNAL REVENUE SERVICE, Defendant.**

Civ. A. No. 94–0383–BH–M.
Bankruptcy No. 93–11349.
Adv. No. 93–1295.

United States District Court,
S.D. Alabama,
Southern Division.

Oct. 28, 1994.

Theodore L. Hall, Mobile, AL, for Clifford Rivers.

Carol Koehler Ide, Washington, DC, for U.S. of America, I.R.S.

### ORDER

HAND, Senior District Judge.

This action is before the Court on appeal of debtor-plaintiff, Clifford Rivers (Rivers) f/d/b/a Clifford Rivers Logging, from a determination that he will not be granted a discharge in Bankruptcy for certain tax obligations which he owes to the United States, namely the tax obligations for 1985, 1986 and 1987.[1] The Bankruptcy Court so determined

---

1. Rivers concedes that he is not entitled to a discharge for his 1989 tax obligations.

because it found that Rivers filed fraudulent tax returns with the Internal Revenue Service (IRS), an agency of the United States of America, in violation of 11 U.S.C. § 523(a)(1)(C).

Rivers filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 17, 1993. On or about October 4, 1993, Rivers filed an adversary proceeding seeking a determination that his federal income tax liabilities for the years 1985 through 1989 were dischargeable. The United States admitted that Rivers had no income tax liability for the year 1988 and agreed that the penalties relating to Rivers' 1985–1989 income tax liabilities were dischargeable but contended that Rivers' 1985, 1986 and 1987 income tax liabilities were excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C). Rivers ultimately agreed, and does not challenge on appeal, that his 1989 income tax liabilities were excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C) because his 1989 income tax return was filed late and within two years of the petition date. The ruling at issue on this appeal was entered following a bench trial before the Honorable Gordon B. Kahn on January 14, 1994.

Rivers argues on appeal that "the Bankruptcy Court was clearly erroneous in finding that Rivers fraudulently filed the joint tax returns for 1985–1987" because the IRS Audit Report, which did not delineate between the conduct of Rivers acting alone and the conduct of Rivers acting together with his former wife, "cannot be the sole basis for denying [Rivers'] discharge for filing a fraudulent tax return." Appellant Brief at 23 and 19, respectively. Rivers specifically contends that "the documentary evidence which [the Government witnesses] testified from does not adequately pinpoint the conduct of Mr. Rivers, as regards fraud." Appellant Reply Brief at 2. According to Rivers, he is not liable for actual fraud because he has shown "that [he] is a slenderly educated man; that he attended to the operation of the business; and let his former wife, who was much better educated, handle the books." Appellant Brief at 22.

With respect to issues of law on appeal, a *de novo* standard of review is to be applied by this Court. *Gonzalez v. McNary,* 980 F.2d 1418, 1419 (11th Cir.1993); *In re Morris,* 950 F.2d 1531, 1533 (11th Cir.1992). Findings of fact shall not be set aside on appeal unless clearly erroneous. Fed. R.Bankr.P. 8013. Deference is to be given to all findings of fact if based on substantial evidence. *In re Club Associates,* 951 F.2d 1223, 1228 (11th Cir.1992).

A bankruptcy court should grant a discharge from all pre-petition debts unless an exception to discharge applies. 11 U.S.C. § 727. A Section 727 discharge does not discharge a debtor from any debt—

(1) for a tax ...—

\* \* \* \* \* \*

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax; ...

11 U.S.C. § 523(a)(1)(C). If a debtor has made a fraudulent tax return, any debt for a tax arising out of that tax return is nondischargeable. *In re Harris,* 59 B.R. 545, 547 (Bankr.W.D.Va.1986); former 26 U.S.C. § 6653(b). In contrast, penalties may be dischargeable. *In re Burns,* 887 F.2d 1541, 1543–44 (11th Cir.1989).

The evidence admitted at trial in this case revealed that penalties for civil fraud were assessed against Rivers for the years 1985, 1986 and 1987. It is well-settled in this circuit that tax assessments are presumptively valid. *See e.g., Olster v. Commissioner,* 751 F.2d 1168, 1174 (11th Cir.1985). Beyond recognizing this prima facie evidence, the bankruptcy court in the case at bar correctly found that the United States proved by a preponderance of the evidence that Rivers' 1985, 1986 and 1987 income tax liabilities are excepted from discharge due to Rivers' filing of fraudulent income tax returns. *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991); *In re St. Laurent,* 991 F.2d 672, 677 (11th Cir.1993).

Fraud is a question of fact. The main issue in such cases as the case at bar is whether the debtor underpaid his taxes,

knew that his tax returns were false and intended to evade his taxes. *See e.g., In re Kirk,* 98 B.R. 51, 55 (Bankr.M.D.Fla.1989). Because direct evidence of fraud may not be available, the courts look to the totality of the circumstances. *Patton v. Commissioner,* 799 F.2d 166, 171 (5th Cir.1986); *Korecky v. Commissioner,* 781 F.2d 1566, 1568 (11th Cir.1986). Factors indicating fraud include whether the debtor significantly understated his income, failed to file tax returns, filed tax returns late, failed to keep adequate records of income and failed to cooperate with the IRS. *In re Berzon,* 145 B.R. 247, 250 (Bankr.N.D.Ill.1992); *In re Carapella,* 105 B.R. 86, 89–90 (Bankr.M.D.Fla.1989), *aff'd,* 925 F.2d 1474 (11th Cir.1991).

In the years at issue in this case, the evidence admitted at trial demonstrates that Rivers substantially understated his income from his logging business. The logging business was a sole proprietorship and the primary source of support for the debtor and his wife. Rivers admitted he failed to properly document many of his expenses. Rivers presented no evidence to the bankruptcy court to contradict the evidence presented by the United States other than his own testimony that he did not intend to defraud anyone and that his wife handled preparation of the tax returns. The bankruptcy court judged the credibility of the witnesses and the weight to be given to documentary evidence introduced at trial. The bankruptcy court did not err in finding that Rivers testimony carried little weight in comparison to the competent written and oral evidence of fraud presented by the United States.

Rivers' contends on appeal that, because the Government's evidence did not clearly separate his fraudulent conduct from that of his former wife, fraudulent conduct cannot be attributed to him. Such a contention is specious. Rivers signed all of the subject tax returns under penalty of perjury. The tax returns were ultimately determined to be incorrect and to contain gross understatements of income and overstatements of expenditures claimed as tax deductions. Rivers was unable to substantiate the figures on the tax returns. He and his wife participated in the IRS audit. He was the primary bread-winner and responsible for the record-keeping and financial management of his businesses. Based upon all of the facts and circumstances, the bankruptcy court correctly determined that Rivers had filed fraudulent tax returns.

Rivers' reliance on *Matter of Brackin,* 148 B.R. 953 (Bankr.N.D.Ala.1992), and *Matter of Toti,* 141 B.R. 126, 131 (Bankr.E.D.Mich. 1992) is misguided. As the United States points out, *Toti* addressed the second clause of § 523(a)(1)(C), nondischargeability due to a *willful* attempt in any manner to evade or defeat tax, and the bankruptcy court's decision that debtor's failure to file tax returns was not willful was reversed. *In re Toti,* 24 F.3d 806, 809 (6th Cir.1994), *aff'g* 149 B.R. 829 (E.D.Mich.1993) (Nondischargeability may be proven if the evidence shows that the debtor had the wherewithal to file returns and pay tax but failed to do so.). Also distinguishable is *Brackin,* a case involving an innocent spouse excused from liability under 26 U.S.C. § 6013(e) because she did not prepare the couple's joint tax returns, had no personal knowledge of the contents of the tax returns, was not involved in the business affairs that generated the couple's income and was divorced from her husband during part of the years in issue. 148 B.R. at 956. In the instant case, Rivers neither pled nor presented evidence that would justify innocent spouse treatment and, in contrast to Mrs. Brackin, had both knowledge of the financial basis of his tax returns and responsibility for the record-keeping and financial management of his businesses.

For the above stated reasons, it is **ORDERED, ADJUDGED** and **DECREED** that the bankruptcy court's determination that Rivers had, in fact, filed fraudulent tax returns for the years 1985, 1986 and 1987 and, consequently, that Rivers' tax liabilities for those years are excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C), be and is hereby **AFFIRMED.**