Gerald G. DOMANUS, Plaintiff–
Counterdefendant–Appellant,

v.

UNITED STATES of America,
Defendant–Counterplaintiff–
Appellee.

No. 91–1787.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 6, 1992.

Decided April 22, 1992.

As Amended April 23, 1992.

---

**1324**

Lawrence C. Rubin, Durward J. Gehring, Arvey, Hodes, Costello & Burman, (argued), Bell, Boyd & Lloyd, Chicago, Ill., for plaintiff-counterdefendant-appellant.

Ann L. Wallace, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Div., Chicago, Ill., Gary R. Allen, (argued), Susan E. Buechley, Debra J. Stefanik, Benjamin Norris, Dept. of Justice, Tax Div., Appellate Section, Washington, D.C., for U.S.

Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.

KANNE, Circuit Judge.

The Internal Revenue Code requires employers to withhold federal social security and income taxes ("trust fund taxes") from the wages of their employees. Section 6672 of the Code (26 U.S.C. § 6672) imposes personal liability on those individuals within the corporation who are responsible for paying over withholding taxes to the government and who willfully fail in this duty. In *Monday v. United States*, 421 F.2d 1210 (7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970), we held that the term "willful" in § 6672 referred to "voluntary, conscious and intentional—as opposed to accidental—decisions not to remit funds properly withheld to the Government." *Id.* at 1216. Appellant Gerald G. Domanus asks us to redefine the term "willful" to mean an intentional violation of a known legal duty, the definition applied in criminal tax proceedings. *See Cheek v. United States*, — U.S. —, —, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991). Because we conclude that *Monday*'s interpretation of § 6672 was entirely correct, we affirm the judgment of the district court.

After graduating from high school and taking a year of accounting courses, Domanus began working as a bookkeeper for the Fernstrom Storage and Van Company, and its subsidiaries ("the Company") in 1966. In 1974, he became a corporate secretary and later the chief accountant of the Company. Several years later, he became a vice-president and a member of the board of directors. As the Company's chief accountant, Domanus was responsible for a department which employed between 20 and 40 people, and he had authority to hire and fire employees.

The accounting department supervised the payment of all of the Company's bills, including taxes. The Company's method for paying its bills was quite simple: after the accounting department received a bill it would send it to the employee who had made the purchase. That person would check the invoice, and send it back to the accounting department. The accounting department then prepared a check, and would either send it to the payee or hold it depending upon whether the Company's accounts had enough money to cover it. Robert Fernstrom, the Company's president, did not personally decide which bills should be paid. Rather, the evidence demonstrated that Domanus and his subordinates were responsible for deciding which bills were to be paid on a day-to-day basis.

Domanus had the authority to sign checks on behalf of the Company, for its general checking account and its payroll account. His name also appeared alone on most of the Company's checks. As we noted above, the accounting department also supervised the payment of taxes. In fact, the quarterly withholding forms were prepared by one of Domanus' subordinates, Kenneth Wurtz. The department also completed the employees' W-2 forms.

Sometime in the first quarter of 1980, Wurtz told Domanus that there were insufficient funds in the Company's account to pay the withholding taxes for that quarter. Domanus informed Fernstrom that the withholding taxes had not been paid, and Fernstrom told him not to pay them.

Fernstrom explained that he was attempting to sell some property to generate sufficient funds to pay the taxes. Domanus then told Wurtz what Fernstrom had said, and Domanus later sent a letter to the IRS proposing a payment schedule for the late taxes. The withholding taxes, however, were never paid to the Government.

At a later meeting of the Company's managers, Domanus informed Fernstrom that he (Fernstrom) could be held personally liable for the withholding taxes if they were not paid. Domanus never stated that he thought the taxes should be paid.

During 1980, the Company did pay creditors other than the Government, including wages of the employees, and executives, which included Domanus. Domanus was responsible for paying many of these creditors. In August or September 1980, the Company also paid its bank approximately $900,000 after its loan was called. Indeed, the Company failed to pay over to the Government the taxes it withheld from its employees wages for all four quarters of 1980.

Pursuant to § 6672, the Government assessed taxes against Fernstrom and Domanus. After the assessment, Domanus paid the tax owed for one employee for one quarter and sued for a refund. The Government brought a counterclaim against Domanus for the remainder of the assessed taxes, and also brought a counterclaim for the taxes against Fernstrom. At trial, the district court directed a verdict in favor of the Government and against Fernstrom.

The court also directed a verdict against Domanus on the issue of willfulness. At trial, Domanus submitted a proposed jury instruction defining "willfully," which reads as follows:

"The determination of whether a person acted willfully requires you to make a subjective determination as to the state of mind of that person. Accordingly, if you determine that Mr. Domanus honestly and in good faith believed that he did not have the authority to cause the with-holding taxes to be paid to the Government, you should find that he did not act willfully even if he was otherwise a responsible person."

The district court rejected that proposed instruction based upon its previous ruling in denying summary judgment that a responsible person who has knowledge that withholding taxes are not being paid is willful as a matter of law. Domanus stipulated that he had acted willfully as the district court defined that term, but reserved the right to appeal. The question of whether Domanus was a responsible person under § 6672 was submitted to the jury, which found in favor of the Government. A judgment was entered against Domanus in the amount of $590,441.40. Domanus appealed.[1]

Domanus argues that *Monday*'s definition of "willfully"—"voluntary, conscious and intentional"—is incorrect. As we noted above, he argues that to establish willful conduct the government must prove an intentional violation of a known legal duty, which is the standard applied in criminal tax prosecutions. *See Cheek,* —— U.S. at ——, 111 S.Ct. at 610. In doing so, Domanus faces an exceedingly difficult task. Indeed, *Monday*'s definition of willfulness has been adopted by every jurisdiction which has reached the issue. *See e.g., Thomsen v. United States,* 887 F.2d 12, 17 (1st Cir.1989); *Kalb v. United States,* 505 F.2d 506, 511 (2d Cir.1974), *cert. denied,* 421 U.S. 979, 95 S.Ct. 1981 (1975); *Wall v. United States,* 592 F.2d 154, 163 (3d Cir. 1979); *United States v. Pomponio,* 635 F.2d 293, 297–98 & n. 5 (4th Cir.1980); *Wood v. United States,* 808 F.2d 411, 415 (5th Cir.1987); *Collins v. United States,* 848 F.2d 740, 742 (6th Cir.1988); *Donelan Phelps & Co. v. United States,* 876 F.2d 1373, 1376 (8th Cir.1989); *Teel v. United States,* 529 F.2d 903, 905 (9th Cir.1976); *Burden v. United States,* 486 F.2d 302, 304 (10th Cir.1973), *cert. denied,* 416 U.S. 904, 94 S.Ct. 1608, 40 L.Ed.2d 109 (1974); *Smith v. United States,* 894 F.2d 1549, 1553 (11th Cir.1990); *Godfrey v. United States,* 748

---

1. Domanus does not contest the jury's determination that he was a responsible person under § 6672 for seeing that the Company paid over the taxes to the government.

F.2d 1568, 1576–77 (Fed.Cir.1984); *Feist v. United States*, 607 F.2d 954, 961, 221 Ct.Cl. 531 (1979); *Scott v. United States*, 354 F.2d 292, 295, 173 Ct.Cl. 650 (1965).

Before we examine Domanus' argument, we shall briefly discuss the underpinnings of our holding in *Monday*. In reaching our holding, we stated: "[i]n criminal statutes, 'willfulness' generally requires bad purpose or the absence of any justifiable excuse.... In civil actions, however, these elements need not be present. Rather, willful conduct denotes intentional, knowing and voluntary acts." *Id.* at 1215. Accordingly, we stated that the jury should have been instructed that: "[a]n act is willful if it is voluntary, conscious, and intentional." *Id.* at 1216. In applying *Monday*'s definition, other courts have noted that: "[t]he willfulness requirement of § 6672 is satisfied if there is evidence that the responsible officer had knowledge of payments to other creditors after he was aware of the failure to remit withholding taxes." *Smith*, 894 F.2d at 1553; *Kalb*, 505 F.2d at 511; *Wood*, 808 F.2d at 415; *Hartman v. United States*, 538 F.2d 1336, 1341 (8th Cir.1976); *Burden*, 486 F.2d at 304.

Domanus notes that the term "willful" or "willfully" has appeared in civil and criminal tax statutes since 1918 (§§ 1308(b) and (c) of the Revenue Act of 1918). Moreover, § 7202, which provides criminal penalties for failing to pay over withheld taxes to the Government, also contains the term "willfully." Domanus argues that there is no basis upon which to conclude that Congress sought to give a different meaning to "willful" or "willfully" in civil cases than in criminal cases.

We agree with the Government that the definition of "willfully" used in criminal tax statutes should not be incorporated into the standard for § 6672 liability. The Supreme Court has long recognized that Congress intended criminal tax statutes to be interpreted differently than other criminal statutes. In *Cheek*, the Supreme Court noted that: "[t]he general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply

rooted in the American legal system." —— U.S. at ——, 111 S.Ct. at 609. The Court further explained that "almost 60 years ago [the Court] interpreted the statutory term 'willfully' as used in the federal criminal tax statutes as carving out an exception to the traditional rule. This special treatment of *criminal tax offenses* is largely due to the complexity of the tax laws." *Id.* (emphasis added). Moreover, in *United States v. Murdock*, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933), the Supreme Court recognized that: "Congress did not intend that a person by reason of a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records he maintained, should become a *criminal* by his mere failure to measure up to the prescribed standard of conduct." *Id.* at 396, 54 S.Ct. at 226 (emphasis added).

The special definition of "willfully" for criminal tax statutes is not required in applying civil tax statutes. Taxpayer errors in the civil context "are corrected by the assessment of the deficiency and its collection with interest for delay." *Spies v. United States*, 317 U.S. 492, 496, 63 S.Ct. 364, 367, 87 L.Ed. 418 (1943). It is well established that § 6672 is a civil tax statute designed merely to ensure that the Government can recover taxes withheld on its behalf. *Hartman*, 538 F.2d at 1340 ("[w]hile § 6672's imposition is called a 'penalty,' it is well established that it is not a penalty in any criminal sense of the term."); *accord, Monday*, 421 F.2d at 1216; *Thomsen*, 887 F.2d at 17; *Kalb*, 505 F.2d at 510. As we noted in *United States v. Schroeder*, 900 F.2d 1144, 1146 (7th Cir. 1990), "[s]ection 6672, in effect, gives the United States the ability to collect wayward trust fund taxes not only from an erring business, but also from those individuals responsible for guarding against such an error." Despite Domanus' valid assertions that the effects of § 6672 can be harsh, we can divine no legal basis to alter the definition of "willfully" set forth in *Monday*.

Thus, we hold that the district court applied the correct definition of "willfully." Domanus does not question that under that

definition—"voluntary, conscious and intentional"—he made a voluntary conscious decision to prefer other creditors of the Company to the Government.

We AFFIRM the judgment of the district court.

CUDAHY, Circuit Judge, concurring.

At oral argument, Domanus' counsel rejected an opportunity to make a "Nuremberg" defense, although that seems to me what is clearly presented by Domanus' proposed instruction to the jury:

[I]f you determine that Mr. Domanus honestly and in good faith believed that he did not have the authority to cause the withholding taxes to be paid to the Government, you should find that he did not act willfully even if he was otherwise a responsible person.

Given the facts of corporate hierarchy, it is very questionable that Domanus could have written checks to the government in the face of Fernstrom's command to the contrary. As a practical matter Domanus would have had to quit at this juncture in the corporate proceedings. It is surely arguable, however, that the proper handling of trust fund taxes is of such paramount importance that placing Domanus in that position is not clearly unjust. *See Howard v. United States*, 711 F.2d 729, 735–36 (5th Cir.1983); *Roth v. United States*, 779 F.2d 1567, 1571–72 (11th Cir.1986).

In any event, it does seem to me that this "Nuremberg" defense for Domanus presents a considerably stronger argument than the one presented by counsel in this case. *See Roth*, 779 F.2d at 1575–76 (Godbold, C.J., dissenting in part) (suggesting viability of "Nuremberg" defense).