**UNITED STATES of America, Appellant,**

v.

**Edward TOTI, Appellee.**

Civ. A. No. 92–73870.

United States District Court,
E.D. Michigan, S.D.

Jan. 7, 1993.

Mark Lansing, U.S. Dept. of Justice, Washington, DC, for U.S.

Paul Steinberg, Southfield, MI, for Toti.

MEMORANDUM AND ORDER

I.

COHN, District Judge.

This is a bankruptcy appeal by the United States of America (the Government) from a decision of the Bankruptcy Court granting Edward Toti's (Toti) motion for summary judgment in an adversary proceeding. The Bankruptcy Court ruled that Toti's federal income tax liability was dischargeable in his Chapter 7 case because

he did not willfully attempt to evade or defeat the payment of his federal income taxes.[1] The Government contends that the Bankruptcy Court incorrectly adopted a criminal definition of the phrase "willfully attempted to evade" under 11 U.S.C. § 523(a)(1)(C) and applied it in this civil bankruptcy proceeding. In the alternative, the Government argues that even if the Court determines that the criminal definition is appropriate, the bankruptcy judge made findings of fact which precludes a grant of summary judgment.

For the reasons stated below, the Court finds that the Bankruptcy Court erred in its application of the criminal definition of "willfully attempted to evade" to a civil bankruptcy discharge case. Therefore, the decision of the Bankruptcy Court is REVERSED. The case is REMANDED to the Bankruptcy Court for entry of an order consistent with this decision.

## II.

The parties have stipulated that the following facts are not in dispute:

1. Toti failed to timely file federal income tax returns for the years 1974 through 1981.

2. Toti has unpaid federal income tax liabilities for the years 1974 through 1983 (except 1976, which liability was previously paid in accord with a sentence and probation order following Toti's conviction on June 4, 1981 for wilful failure to file an income tax return for the year 1976, pursuant to 26 U.S.C. § 7203).

3. Toti failed to make any voluntary payments towards any of these federal income tax liabilities during the tax years in question, or prior to his criminal conviction on June 4, 1981.

4. Toti knew he was required to pay the tax liabilities as they arose during each of the years in question.

5. Toti knew in 1977 that the Internal Revenue Service (IRS) was conducting a criminal investigation with respect to his failure to file income tax returns and pay the income tax liabilities.

6. After having knowledge of the IRS criminal investigation, Toti did not file his federal income tax returns or make payments on his federal income tax liabilities for the years prior to or subsequent to that investigation, up to and including 1991.

7. Toti timely filed his federal income tax returns for 1982 and 1983.

8. Toti knew he had federal income tax liabilities for each of the years in question and he had that knowledge with respect to each tax year's liabilities during each of the years in question.

9. Toti made no effort to pay those tax liabilities until after he served his confinement pursuant to his conviction and sentence order of June 4, 1981, which directed him to make restitution for 1976, the year for which he plead guilty.

10. Toti knew he had a responsibility to file federal income tax returns for each year in question, at the time they were statutorily required to be filed.

11. Toti knew he was required to make estimated quarterly tax payments with respect to his federal income taxes during each year in question, and admits that he failed to do so for each quarter of each year in question.

12. Toti states that he failed to file federal income tax returns and pay his year end federal income tax liabilities because he did not have sufficient funds at the end of the respective years in question.

13. Toti failed to set aside any money during each of the respective years in question to make the required estimated quarterly payments.

14. Toti had a profit from his business as an insurance agent.

15. Toti had no other debts or liabilities that precluded him from making the tax payments.

16. In 1981, the United States indicted Toti on three counts pursuant to 26 U.S.C. § 7203 for failure to file federal income tax returns for the years 1974, 1975, and 1976. On June 4, 1981, Toti was convicted and

---

1. *Matter of Toti,* 141 B.R. 126 (Bkrtcy.E.D.Mich. 1992).

sentenced as a result of a Plea Agreement by the United States District Court for the Eastern District of Michigan for wilfully failing to file federal income tax returns for the years 1974, 1975 and 1976.

17. Pursuant to the Plea Agreement, Toti agreed to plead guilty to wilfully failing to file an income tax return for the year 1976 only. In return, the Government agreed to dismiss Counts I and II, which concerned his failure to file federal income tax returns for the years 1974 and 1975.

18. Pursuant to the sentencing and probation order, Toti was required to file all his delinquent federal income tax returns and pay the federal income tax liability for the year 1976. Toti has complied with that order.

19. In April, 1985, Toti and the IRS agreed to a payment plan for the payment of the unpaid back taxes.

20. Toti made some payments to the IRS but fell behind due to his inability to meet those payments and stopped making payments.

21. On February 27, 1990, Toti filed a Chapter 7 petition in the United States Bankruptcy Court. On March 28, 1990, Toti filed an adversary proceeding to determine the dischargeability of his tax obligations. The parties filed cross motions for summary judgment.

22. The Bankruptcy Court decided that in favor of Toti, holding that his income tax liabilities were dischargeable.

### III.

■ The scope of the Court's authority on this appeal is set by Bankruptcy Rule 8013:

> On an appeal, the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact whether based on oral or

documentary evidence shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The Court may not set aside findings of fact unless they are clearly erroneous. Fed.R.Civ.P. 52(a). However, questions of law are reviewed de novo. *In re Caldwell*, 851 F.2d 852 (6th Cir.1988). Here, the issue on appeal is solely a question of law.

### A.

■ Exceptions to the discharge of a tax debt are addressed in 11 U.S.C. § 523(a)(1)(C) which provides, in relevant part:

> (a) A discharge under Section 727, 1141, 1288(a), 1288(b) or 1328(b) of this title does not discharge an individual debtor from any debt
>
> (1) for a tax or customs duty—
>
> (C) with respect to which the debtor made a fraudulent return or willfully attempted ... to evade or defeat such tax.

The dispute here revolves around the definition of the phrase "willfully attempted to evade" as used in 11 U.S.C. § 523(a)(1)(C). The Bankruptcy Court adopted the accepted definition of like words in 26 U.S.C. § 7201.[2] That section, the felony tax evasion provision, requires three elements: (1) willfulness, (2) failure to pay the tax when due, and (3) an affirmative act constituting an evasion or attempted evasion of the tax. *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). The Bankruptcy Court held that in order to constitute a willful attempt to evade a tax under 11 U.S.C. § 543(a)(1)(C), the debtor must have engaged in some type of affirmative action, some type of commission. *Matter of Toti, supra*, at 130, 131. An omission, the Bankruptcy Court held, is insufficient to constitute a willful attempt to evade or defeat. *Id.*

---

**2.** 26 U.S.C. § 7201 provides:

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined no more than $100,000 ... or imprisoned not more than 5 years, or both ...

The Bankruptcy Court concluded that: (1) the government did not present any evidence to indicate that Toti engaged in any act of willful commission to evade or defeat the tax; (2) the fact that Toti admitted he knew he had a responsibility to timely file and pay his taxes and that he voluntarily and intentionally failed to file or pay them as an initial result of lack of money and eventually fear of filing subsequent returns, merely constitutes an omission; (3) no facts indicate that Toti engaged in any type of conduct which would prove he attempted in any manner to evade or defeat his federal income tax; and (4) absent such proof, the IRS could not prove that Toti met the requirements of 26 U.S.C. § 7201 or 11 U.S.C. § 523(a)(1)(C).

## IV.

The Government contends that the Bankruptcy Court erred in applying the identical definition of "willfully attempted to evade" to bankruptcy discharge cases as that contained in 26 U.S.C. § 7201. It argues that the correct definition should be the same as that generally applied in civil tax cases—voluntarily, consciously, or intentionally attempted to evade.

## A.

 Initially, the Government argues that this case turns on statutory interpretation. Any interpretation of a statute begins with the statutory language and the general rules of statutory interpretation. *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). The plain meaning of the statute's language should control except in the rare cases in which the literal application of the statute will produce a result demonstrably at odds with the intentions of the drafters. In such cases, the intention of the drafters rather than the strict language controls. *Sells v. United States*, 92–1 U.S.T.C. ¶ 5070; 83,283, 1991 WL 328039 (D.Co.1991) (quoting *United States v. Ron Pair Enterprises*, 489 U.S. 235, 240–241, 242, 109 S.Ct. 1026, 1029–30, 1031, 103 L.Ed.2d 290 (1989)).

In *Sells*, a case factually similar, the *Sells* court grappled with the proper standard to apply in a § 523(a)(1)(C) case. The debtor urged the court to adopt the standard enunciated in *In re Gathwright*, 102 B.R. 211 (Bkrtcy.D.Ore.1989), that the phrase "willfully attempted to evade" should be interpreted to require some affirmative act just as it is interpreted in a 26 U.S.C. § 7201 case. The *Sells* court concluded that its decision turned on the definition of the word "evade". "Willful" the Court held, means voluntary and intentional. However, the word "evade" proved more difficult to define. The *Sells* court noted that it is not defined in the Bankruptcy Code. It looked to the dictionary which defines "evade in connection with taxes" to mean "to fail to pay or to minimize [taxes] in violation of the law." The *Sells* court said, "The IRS asserts that the plain meaning of "evade" includes a debtor's attempt to block the collection of taxes which have already been assessed ... Although the reading proposed by the IRS broadens the scope of the statute, the court is inclined to accept it. Clearly, the phrase "in any manner" which modifies the term "evade" supports this conclusion." *Sells, supra.*

The *Sells* court concluded that reading the statute as proposed by the debtor contradicted the primary purpose of the Bankruptcy Code, to allow the *honest* debtor a fresh start. The *Sells* court took guidance from an earlier bankruptcy decision, *In re Jones*, 116 B.R. 810, 815 (Bkrtcy.Kan.1990) in which the bankruptcy court held that a civil standard was the appropriate standard to apply to bankruptcy discharge cases. In *Jones*, the bankruptcy court had misgivings about using a criminal statute as the basis for applying a restrictive reading to a civil statute, even though exceptions to discharge are to be strictly construed in favor of the debtor. *Id.* at 815. The *Jones* bankruptcy court examined the legislative history of the comparable provision of the Bankruptcy Act, § 17(a)(1)(d) and stated,

Prior to 1966, debts for taxes were not affected by a discharge in bankruptcy at all. In discussing the 1966 amendment to § 17(a)(1), Congress said, "Since the purpose of this bill is to provide relief for

the financially unfortunate and not to create a tax evasion device, [§ 17(a)(1)] specifically excepts from discharge taxes ... with respect to which [the bankrupt] had made a false or fraudulent return or which he had otherwise attempted to evade." [citations omitted].

... If willful attempts to evade or defeat the collection of taxes do not satisfy § 523(a)(1)(C), then these debtors have discovered a most lucrative device, one which would allow them to defeat the collection of over $300,000 in taxes.

*Id.* Other bankruptcy courts have similarly found that a civil definition of "willfully attempt to evade" is the proper standard in a 11 U.S.C. 523(a)(1)(C) action. *In re Fernandez,* 112 B.R. 888 (Bkrtcy.N.D.Ohio 1990); *In re Berzon,* 145 B.R. 247 (Bkrtcy. N.D.Ill.1992); *In re Langlois,* No. 91–91194 (Bkrtcy.S.D.N.Y.1992).

### B.

The Government also argues that this case should be analogized to the one hundred percent penalty cases. 26 U.S.C. 6672.[3] In these cases, the decisions do not rely on the criminal definition of willful as set forth in 26 U.S.C. § 7202, the criminal counterpart to 26 U.S.C. 6672. Rather, the decisions hold that the term "willful" as used in § 6672 refers to voluntary, conscious, and intentional—as opposed to accidental—decisions not to remit funds properly withheld to the Government. *Monday v. United States,* 421 F.2d 1210 (7th Cir. 1970), *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). The Court of Appeals for the Sixth Circuit has held that "willful" in civil proceedings does not mean that the taxpayer acted by virtue of a bad motive or the specific intent to defraud the government or to deprive it of revenue even though deprivation of revenue was the outcome of the taxpayer's actions. *Calderone v. United States, supra; Gephart v. United States, supra;* and *Collins v. United States, supra.*

In *Domanus v. United States,* 961 F.2d 1323, 1326 (7th Cir.1992), the court was asked to reject the definition of "willfulness" as established in *Monday* in favor of applying a criminal standard, that the government must prove an intentional violation of a known legal duty. The court re-examined its holding in *Monday,* and stated,

In reaching our holding (in *Monday*), we stated "[i]n criminal statutes willfulness generally requires bad purpose or the absence of any justifiable excuse ... In civil actions, however, these elements need not be present. Rather willful conduct denotes intentional, knowing and voluntary acts." [citations omitted]. Accordingly, we stated that the jury should have been instructed that an act is willful if it is voluntary, conscious and intentional ...

Despite Domanus' valid assertions that the effects of § 6672 can be harsh, we can divine no legal basis to alter the definition of "willfully" set forth in *Monday.*

Other courts have reached the same conclusion. *See, Collins v. United States,* 848 F.2d 740 (6th Cir.1988) (A responsible person who makes a deliberate choice to voluntarily, consciously and intentionally pay other creditors rather than make tax payments is liable for willful failure); *Kinnie v. United States,* 771 F.Supp. 842 (E.D.Mich.1991) (Knowledge of and the failure to pay the liability when due is all that is necessary to establish willfulness as a matter of law); *In re Fernandez,* 130 B.R. 757 (Bkrtcy.W.D.Mich.1991) (A responsible person willfully fails to pay when the individual makes a deliberate choice to voluntarily, consciously, and intentionally pay other creditors rather than pay the taxes). *See also, In re Calderone,* 799 F.2d 254 (6th Cir.1986) and *Gephart v. United States,* 818 F.2d 469 (6th Cir.1987).

The Government urges the Court to define "willful attempt to evade or defeat taxes" as any voluntary, intentional or conscious attempt to avoid or to fail to pay

---

**3.** 26 U.S.C. § 6672 imposes personal liability on those individuals within a corporation who are responsible for paying over withholding taxes to the government and who willfully fail to do so. *Domanus v. U.S.,* 961 F.2d 1323 (7th Cir.1992).

taxes. Since the Bankruptcy Court found, and the parties do not dispute, that Toti knew he had a responsibility to timely file and to pay his federal income taxes for the years 1974–1983 and that he voluntarily and intentionally failed to file and pay those taxes, the Government contends it is clear that Toti voluntarily, intentionally, and consciously attempted to evade and defeat the payment of his taxes and therefore, "willfully attempted in any manner to evade or defeat such tax."

### C.

Toti argues that the Bankruptcy Court did not apply a criminal standard to this case. He notes that the Bankruptcy Court applied a preponderance of the evidence standard as required by *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Further, he claims that definition of the word "willful" was not material to the Bankruptcy Court decision and that the Bankruptcy Court did not specifically define willfulness because Toti committed no act upon which the Bankruptcy Court could find any attempt to evade or defeat taxes. Rather, Toti says, the Bankruptcy Court properly adopted the definition and rationale of *In re Gathwright*, 102 B.R. 211 (Bkrtcy.D.Ore.1989). In *Gathwright*, the court concluded that "willfully attempted to evade" in 11 U.S.C. 523(a)(1)(C) should be interpreted in the same way as 26 U.S.C. 7201, thus requiring a showing of some willful commission. The government in *Gathwright* failed to provide any evidence of a willful commission and the court discharged the debtor's tax liability. Toti contends that the government here failed to produce any evidence of a willful commission and therefore, the Bankruptcy Court correctly found his tax liability dischargeable.

### V.

■ The Court, after careful consideration of the parties' briefs, the record and the relevant case law, finds that the proper definition of "willfully attempted to evade" in the context of an 11 U.S.C. 523(a)(1)(C) discharge case is that found in other civil tax cases—voluntary, conscious and intentional. There is no requirement of an affirmative act or commission as suggested by Toti. As *Jones* and *Domanus* indicate, the purpose of the Bankruptcy Code is to allow the honest debtor a fresh start. One who fails to file tax returns and pay his income tax liability when financially able to meet those obligations hardly qualifies as an honest debtor. The Court should not allow government machinery, constructed to assist honest debtors experiencing severe financial difficulties, to be used to manipulate a fraud.

Here, it is undisputed that Toti failed to file tax returns or pay taxes until he was forced to do so as part of the terms of his sentence. While his failure to pay was initially due to an inability to pay, he later was financially able to meet his obligations and failed to do so. As a result, he now owes over $600,000 in taxes. To the extent these taxes continue unpaid, the burden on other taxpayers is increased.

Toti's failure to file and pay was done with knowledge of a duty under the law to file and pay his taxes and was voluntary, conscious and intentional. Accordingly, Toti willfully attempted to evade or defeat his tax liability as defined in 11 U.S.C. § 523(a)(1)(C).

SO ORDERED.