**In re Thomas Milton HAAS and Bernice Elizabeth Haas, Debtors.**

**UNITED STATES of America, Appellant,**

v.

**Thomas Milton HAAS and Bernice Elizabeth Haas, Appellees.**

No. 92–0585–P–C.
Bankruptcy No. 91–02118–ABB.

United States District Court,
S.D. Alabama,
Southern Division.

July 6, 1993.

Bankruptcy Court and are not at issue here.

See also 173 B.R. 753.

Lawrence B. Voit, Mobile, AL, for appellees.

Carol Koehler Ide, Washington, D.C., William R. Sawyer, Asst. U.S. Atty., for appellant.

Thomas P. Ollinger, Jr., Mobile, AL, for Secor Bank.

### ORDER

PITTMAN, Senior District Judge.

This case is before the court on briefs filed by the appellant, United States of America (United States), and the appellees, Thomas and Bernice Haas (the Haas). The United States, specifically the Internal Revenue Service, appeals from a ruling of the Bankruptcy Court. The Bankruptcy Court held that certain federal income tax liabilities of the Haas, debtors in bankruptcy, were dischargeable. For the reasons set forth below, this court

holds that those liabilities are NONDIS-CHARGEABLE as to THOMAS HAAS, and REVERSES the Bankruptcy Court in part; and REMANDS the issue of dischargeability of BERNICE HAAS's tax liabilities to the Bankruptcy Court for proceedings consistent with this opinion.

The Haas filed Bankruptcy under Chapter 11 of the Bankruptcy Code. The confirmation of a Plan under Chapter 11 acts as a general discharge of the debtor's prepetition debts. 11 U.S.C. § 1141. However, confirmation does not discharge a tax "with respect to which the debtor ... willfully attempted in any manner to evade or defeat." 11 U.S.C. § 523(a)(1)(C).

During the period in question, the years from 1977 through 1985, the debtors filed federal income tax returns, but did not pay the taxes due. The Bankruptcy Court found that

> Mr. Haas readily acknowledged the tax liability and, *other than his failure to pay the obligation,* made no attempt to defeat or evade his obligation. The debtors did not conceal assets, engage in dubious transfers of assets, falsify or destroy books or records, or misstate the amount of income in the respective years at issue. Instead of satisfying the tax liability, Mr. Haas used his income to pay personal and business expenses rather than pay the taxes due.

Order at 3 (emphasis added). Based on its reading of the applicable law, the Bankruptcy Court held that this conduct did not constitute an attempt to evade or defeat a tax, and ruled that the taxes in question were dischargeable.

■ As there is no significant disagreement as to the facts of this case, the issue presented on appeal is wholly an issue of law and the Bankruptcy Court's ruling is subject to *de novo* review. Fed.R.Bankr. 8013; *In re Morris,* 950 F.2d 1531, 1535 (11th Cir. 1992). The United States has the burden of proving,[1] by a preponderance of the evidence,

---

1. The United States does not argue that Mr. Haas's prior misdemeanor tax conviction precludes consideration of the issues presented here. Collateral estoppel applies in certain bankruptcy proceedings to prevent the re-litigation of issues,

just as it does in other cases. *In re Wallace,* 840 F.2d 762 (10th Cir.1988); *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987). *See Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755, 763 n. 11 (1991); *In*

that the debtors filed a fraudulent return or willfully attempted to evade the tax in question. *Grogan v. Garner,* 498 U.S. 279, 286–88, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755, 765 (1991); *In re St. Laurent,* 991 F.2d 672, 677 (11th Cir.1993). *See* 11 U.S.C. § 523(a)(1)(C). The statute is to be read in the disjunctive, therefore the United States need only prove that an attempt was made to evade the tax in question, and need not also prove that a fraudulent return was filed. *In re Gilder,* 122 B.R. 593, 595 (Bankr.M.D.Fla. 1990).

The Bankruptcy Court, and the debtors, read the phrase "willfully attempted in any manner to evade or defeat" as being equivalent to fraud, e.g. submitting false information, *see* Haas's Brief at 7–8, or "maintaining more than one set of books, making false entries or alterations, destruction of books or records, concealment of assets or income and any conduct the likely effect of which would be to mislead or conceal." Order at 9. This reading of the statute relies on *In re Gathwright,* 102 B.R. 211 (Bankr.D.Or.1989). The *Gathwright* decision has received much criticism, *see United States v. Sumpter,* 136 B.R. 690, 701 (Bankr.E.D.Mich.1991); *In re Jones,* 116 B.R. 810, 815 (Bankr.D.Kan.1990), and the great majority of cases construe this language differently. *E.g. In re Peterson,* 152 B.R. 329, 334 (D.Wyo.1993); *U.S. v. Toti,* 149 B.R. 829, 834 (E.D.Mich.1993).

In both *Toti* and *Peterson,* the District Courts gave the phrase "willfully attempted in any manner to evade or defeat" a broader reading than their respective Bankruptcy Courts had. Both Bankruptcy Courts relied on *Gathwright* in reaching their decisions, but, on appeal, neither District Court found *Gathwright* persuasive. The District Courts cited the purpose of the Bankruptcy Code in support of their broader readings of the statute in question. The *Toti* District Court stated that:

> the purpose of the Bankruptcy Code is to give the honest debtor a fresh start.... The Court should not allow government

machinery, constructed to assist honest debtors experiencing severe financial difficulties, to be used to manipulate a fraud. *Toti,* 149 B.R. at 834. The *Peterson* court, in a similar vein, noted that:

> [t]he purpose of the Bankruptcy Code is to give honest, but unfortunate, debtors a fresh start. Its purpose is not to create a device for tax evasion. By construing the language of Section 523(a)(1)(C) to require that evidence of a debtor's attempts to avoid payment of a tax is irrelevant, the bankruptcy court's ruling yields a result which is contrary to the purposes of the Bankruptcy Code.

*Peterson,* 152 B.R. at 335. This court agrees with the reasoning of the district courts in *Peterson* and *Toti.*

The civil penalty section of the Internal Revenue Code uses precisely the same language as § 523. *Cf.* I.R.C. § 6672 ("willfully attempts in any manner to evade or defeat"), *with* 11 U.S.C. § 523(a)(1)(C) (same). Therefore, the most persuasive interpretation of the statutory language at issue is to construe the phrase "willfully attempted in any manner to evade or defeat" to mean: (1) the debtor has a duty under the law, (2) the debtor knew he or she had that duty, and (3) the debtor voluntarily and intentionally violated that duty, *see Toti,* 149 B.R. at 834, because this test is the same one which is used in civil tax fraud cases. *Id.* at 832. *Accord Peterson,* 152 B.R. at 334; *In re Carapella,* 105 B.R. 86, 89 (Bankr.M.D.Fla. 1989), *aff'd* 115 B.R. 365 (M.D.Fla.1990), *aff'd without op., Carapella v. United States,* 925 F.2d 1474 (11th Cir.1991). *See Cheek v. United States,* 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), *on remand, remanded United States v. Cheek,* 931 F.2d 1206, 1991 (7th Cir.1991), *later proceeding* 1991 WL 287034, 1991 U.S.Dist. LEXIS 18,859 (N.D.Ill.1991); *Domanus v. United States,* 961 F.2d 1323 (7th Cir.1992), *reh'g, en banc, denied* (7th Cir.1992).

■ There is no requirement that the debtor commit a fraudulent act in order to

---

*re St. Laurent,* 991 F.2d 672, 675 (11th Cir.1993). While collateral estoppel prevents the parties from re-litigating factual issues in bankruptcy court, it does not settle the question of discharge-ability, which is a legal conclusion for the bankruptcy court to reach. *St. Laurent,* 991 F.2d at 676.

make an attempt to evade a tax. *Toti,* 149 B.R. at 834. Instead, where the debtor *is financially able* to pay the taxes due, but chooses not to do so, the government has met its burden of proof. *Toti,* 149 B.R. at 834. *See Domanus,* 961 F.2d at 1325 (accountant liable under I.R.C. § 6672 for failure to pay withholding taxes where corporation paid employees during the same period); *In re Hochstein,* 900 F.2d 543, 548–49 (2d Cir. 1990), *later proceeding Hochstein v. United States,* 1991 WL 67237, 1991 U.S.Dist. LEXIS 5317 (S.D.N.Y.1991) (accountant liable under I.R.C. § 6672 where he paid creditors of employer, including employees, while federal withholding taxes remained unpaid, even if, under state statute, he would have been subject to criminal prosecution if employees went unpaid). Since the test for an attempt to evade under § 523 is the same one as in § 6672 cases, the United States need not prove bad motive or a specific intent to defraud the government in order to succeed. *Domanus,* 961 F.2d at 1325; *Hochstein,* 900 F.2d at 548–49.

Here, the Bankruptcy Court found that Thomas Haas had a duty to pay the federal income taxes at issue, acknowledged that duty, and had the financial resources to pay the taxes. However, Thomas Haas chose not to pay the taxes and instead used his financial resources for other purposes. As a result, Thomas Haas wilfully attempted to evade these taxes, which therefore are nondischargeable in bankruptcy.

The debtor does not brief the issue of Mrs. Haas's liability for these taxes. The United States concedes that remand is appropriate on this issue, as no factual findings have been made from which this court can determine whether or not she made an attempt to evade the taxes in question. United States' Brief at 16, n. 3. This court agrees that remand is appropriate. *See* Fed.R.Bankr. 8013.

It is ORDERED, ADJUDGED, and DECREED that the tax liabilities of THOMAS HAAS at issue here are nondischargeable. The dischargeability of BERNICE HAAS's tax liabilities is REMANDED to the Bankruptcy Court for proceedings consistent with this opinion.