In re Henry Joseph **KETCHUM,** Debtor.

Henry Joseph **KETCHUM,**
Plaintiff/Appellant,

v.

**UNITED STATES of America,**
Defendant/Appellee.

No. 91–2440C(6).

United States District Court,
E.D. Missouri,
Eastern Division.

Feb. 13, 1995.

4, 1991 by the Honorable Barry S. Schermer, United States Bankruptcy Judge.

Henry Joseph Ketchum ("debtor") appeals from the bankruptcy court's decision that his tax liabilities to the IRS for the years 1982 through 1986 are non-dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C). The facts are not disputed. The debtor is indebted to the Internal Revenue Service ("IRS") for the years 1982 through 1986. He filed his tax returns for those years some time during 1987. On April 17, 1991, he filed his petition for relief under Chapter 7 of the United States Bankruptcy Code. The debtor later filed a complaint to determine the dischargeability of the tax obligations. After trial, the bankruptcy court entered an order finding the obligations non-dischargeable. The debtor now appeals from that order.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). The bankruptcy court's legal conclusions are reviewed de novo while its factual findings are reviewed under the clearly erroneous standard. *Kubicik v. Apex Oil Co. (In re Apex Oil Co.)*, 884 F.2d 343, 348 (8th Cir.1989). "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankr.R. 8013.

The issue is whether the debtor's tax obligations for the years 1982 through 1986 are dischargeable under 11 U.S.C. § 523(a)(1)(C). The statute provides that:

A discharge under section 727 ... does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

11 U.S.C. § 523(a)(1)(C). The bankruptcy court was correct in ruling that the government has the burden of proving non-dischargeability in this case and must show by a preponderance of the evidence that the debtor willfully attempted in any manner to evade or defeat the tax. *Grogan v. Garner,*

Scott E. Walter, Zwibelman and Edelman, Clayton, MO, for Henry Joseph Ketchum.

James S. Cole, Jr., Asst. U.S. Trustee, U.S. Dept. of Justice, Office of Trustee, St. Louis, MO, Robert D. Millstone, U.S. Dept. of Justice, Office of Sp. Litigation, Tax Div., Jay P. Golder, U.S. Dept. of Justice, Trial Atty., Washington, DC, Steven W. LaBounty, Sp. Asst. U.S. Atty., John V. LaBarge, Jr., St. Louis, MO, for U.S.

## ORDER

GUNN, District Judge.

This matter is before the Court on an appeal from an order entered on November

498 U.S. 279, 281, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

■ Furthermore, since the terms "willfully," "attempted" and "in any matter" are not defined in the Bankruptcy Code, courts have looked to their usage in corresponding sections of the Internal Revenue Code ("I.R.C."). *Gilder v. United States (In re Gilder)*, 122 B.R. 593, 595 (Bankr.M.D.Fla. 1990). In cases of civil tax fraud, "willfullness" simply means a voluntary, intentional violation of a known legal duty. *Cheek v. United States*, 498 U.S. 192, 196, 111 S.Ct. 604, 608, 112 L.Ed.2d 617 (1991). Thus, proof that a debtor had the specific intent to evade a tax is sufficient for a finding of non-dischargeability under § 523(a)(1)(C). *Toti v. United States (In re Toti)*, 24 F.3d 806, 809 (6th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 482, 130 L.Ed.2d 395 (1994).

■ At trial, the sole testimony was that of the debtor. After trial, the bankruptcy court found the following:

At trial, the Debtor testified that he completed W–4 withholding statements so that his employers would withhold no money from his pay checks. Indeed, the Debtor's tax returns for 1982 through 1986 indicate that the Debtor either had no money withheld from his pay or significantly under-withheld from his salary each year. The Debtor did not make any voluntary payments on his tax obligations from 1982 through 1986. The only money credited to the Debtor's tax debt was money seized through an IRS levy on the Debtor's individual retirement account.

The debtor objects to the bankruptcy court's findings regarding his testimony. The debtor claims that he did not testify that he completed W–4 withholding statements so that his employers would withhold no money from his paychecks. Having reviewed the transcript and record in this case, the Court cannot say that the bankruptcy court's findings were clearly erroneous.

The bankruptcy court in this case held that the filing of false W–4 withholding statements along with a corresponding failure to file a tax return or pay one's federal tax liability is sufficient evidence of an intent to evade one's tax liability and establishes a

willful evasion under § 523(a)(1)(C). The court relied primarily upon two cases: *Gilder v. United States (In re Gilder)*, 122 B.R. 593 (Bankr.M.D.Fla.1990) and *Fernandez v. I.R.S. (In re Fernandez)*, 112 B.R. 888 (Bankr.N.D.Ohio 1990). In both cases, the debtors filed false withholding statements and failed to file returns for many of the years at issue. The bankruptcy court found these cases to be on point and persuasive.

The debtor, on the other hand, urged below and still maintains that the bankruptcy court should have followed *Gathwright v. United States (In re Gathwright)*, 102 B.R. 211 (Bankr.D.Or.1989). *Gathwright* stands for the proposition that while the Bankruptcy Code makes non-dischargeable tax liabilities which a debtor has willfully attempted to evade or defeat, it does not make non-dischargeable tax liabilities for which the debtor has willfully attempted to evade or defeat payment. *Id.* at 213. The court makes a distinction between the evasion of a tax liability versus the evasion of a tax payment. The former is non-dischargeable; the latter is dischargeable.

In its analysis, the *Gathwright* court looked to the I.R.C. when interpreting § 523(a)(1)(C). As discussed above, courts often look to corresponding sections of the I.R.C. when interpreting the Bankruptcy Code. In doing so, the *Gathwright* court looked to I.R.C. § 7201(a). Section 7201(a) makes it a felony to "willfully attempt[ ] in any manner to evade or defeat any tax imposed by [Title 26] or the payment thereof." I.R.C. § 7201(a). The *Gathwright* court used this statute for more than just guidance on how to interpret the terms "willfully," "attempted" and "in any matter" under the Bankruptcy Code. The court seized upon the varying constructions of § 7201(a) and § 523(a)(1)(C); noting that § 7201(a) refers to the evasion of any tax or payment while § 523(a)(1)(C) refers to the evasion of any tax only, the court concluded that there must be some difference between tax liability and payment of a tax liability that Congress intended to exploit in enacting § 523(a)(1)(C).

As a result of its analysis, the court refused to consider evidence regarding the

debtor's alleged attempts to frustrate collection of the taxes at issue in the case. *Id.* at 213. The court instead looked for efforts on the part of the debtor to evade the tax liability, such as hiding assets, keeping false records and generally handling one's affairs to avoid a paper trail. The debtor in *Gathwright* failed to file timely returns, failed to report income and claimed deductions to which he was not entitled. *Id.* at 213–16.

The bankruptcy court below rejected the tax liability versus payment distinction made in *Gathwright* and adopted the reasoning of the court in *Jones v. United States (In re Jones)*, 116 B.R. 810, 814–15 (Bankr.D.Kan. 1990). The *Jones* court found the *Gathwright* distinction unpersuasive. In its reasoning, the *Jones* court first relied on canons of statutory construction. The court noted that the acts of evasion are modified by the phrase "in any manner." The court found that this phrase is broad enough to include the acts of evading "payment" which the *Gathwright* court would not consider. *Jones*, 116 B.R. at 814. The *Jones* court also cited a standard English dictionary indicating that "evade" in connection with taxes means "to fail to pay." *Id.* at 815.

The court also explained that the *Gathwright* interpretation of § 523(a)(1)(C) renders part of the statute superfluous. The statute makes non-dischargeable any tax "with respect to which the debtor made a fraudulent return or willfully attempted to evade or defeat such tax." 11 U.S.C. § 523(a)(1)(C). The court observed that: "If evading or defeating collection or payment of a tax does not count, this court is hard-pressed to conceive how a debtor might willfully attempt to evade or defeat a tax without also filing a fraudulent return." *Id.* The court further noted that not filing a required return is covered by § 523(a)(1)(B)(i), so that someone who was required to but filed no return rather than a fraudulent one would be covered under that section of the statute. *Id.* at 815 n. 1.

The *Jones* court expressed misgivings about using a criminal statute as a basis for a reading of a civil one as restrictive as the *Gathwright* court's reading of § 523(a)(1)(C). *Id.* at 815. In a final note, the court looked to the legislative history of bankruptcy law and discussed Congress' intent to provide relief for the financially unfortunate and not to create a tax evasion device. *Id.* The court reasoned that the *Gathwright* interpretation makes § 523(a)(1)(C) a very lucrative tax evasion device. *Id.*

Since the *Gathwright* and *Jones* decisions, numerous courts have considered the issue of whether to adopt the tax liability versus payment distinction. Courts have overwhelmingly rejected the reasoning in *Gathwright*. *Bruner v. United States (In re Bruner)*, 1994 WL 461310 *2 (W.D.La.1994); *United States v. Sumpter (In re Sumpter)*, 170 B.R. 908, 913 (E.D.Mich.1994); *United States v. Haas (In re Haas)*, 173 B.R. 756, 758 (S.D.Ala. 1993); *Fridrich v. I.R.S. (In re Fridrich)*, 156 B.R. 41, 42–43 (D.Neb.1993); *Peterson v. Comm'r of Internal Revenue (In re Peterson)*, 152 B.R. 329, 335 (D.Wyo.1993); *Berzon v. United States (In re Berzon)*, 145 B.R. 247, 250 (Bankr.N.D.Ill.1992).

The Court declines to follow the reasoning in *Gathwright*. The bankruptcy court in this case did not err in considering evidence that the debtor filed false W–4 withholding statements and that he failed to file a tax return or pay his federal tax liability. The court did not err when it found this evidence to be sufficient proof of an intent to evade one's tax liability. Therefore, this Court will affirm the bankruptcy court's decision that the evidence established a willful evasion under § 523(a)(1)(C) and that the debtor's tax obligations for 1982 through 1986 are non-dischargeable.

The Court notes that a recent Sixth Circuit decision is on point. In *Toti v. United States*, the court found certain tax liabilities were non-dischargeable under § 523(a)(1)(C). *Toti v. United States (In re Toti)*, 24 F.3d 806, 809 (6th Cir.1994). In that case, the debtor did not file any returns for a number of years and did not pay taxes for those years and the court found that this was sufficient to prove intent to evade and to trigger the application of § 523(a)(1)(C). *Id.* at 808–09. *See also Haas*, 173 B.R. at 757–59 (holding taxes non-dischargeable where debtor filed returns and had financial re-

sources to pay but simply did not pay obligation).

The *Toti* court emphasized that "'the purpose of the Bankruptcy Code is to allow the honest debtor a fresh start.'" *Toti*, 24 F.3d at 809 (quoting *United States v. Toti (In re Toti)*, 149 B.R. 829, 834 (E.D.Mich.1993)). The debtor in this case does not fall within the category of honest debtors. He not only failed to file returns for the years 1982 through 1986 until some time in 1987, but he also filed false withholding statements for the admitted purpose of preventing withholding of taxes from his wages. In addition, aside from small amounts withheld in 1985 and 1986, the debtor did not make any effort to pay his taxes for the years at issue. Under the circumstances, the bankruptcy court did not err in holding that the evidence supported a finding of an intent to evade and that the tax liabilities for 1982 through 1986 were not dischargeable. *See Gilder*, 122 B.R. at 595–96; *Fernandez*, 112 B.R. at 892. Accordingly,

**IT IS HEREBY ORDERED** that the final order of the bankruptcy court dated November 4, 1991, is affirmed.