**David Wayne SMITH, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

Cause No. EV 94–22–C.
Bankruptcy No. 93–70341–BHL–7.
Adversary No. 93–7028.

United States District Court,
S.D. Indiana,
Evansville Division.

June 19, 1996.

278

Robert P. Doolittle, Jr., Emison Doolittle Kolb & Roellgen, Vincennes, IN, for David Wayne Smith.

Thomas E. Kieper, United States Attorney's Office, Indianapolis, IN, Samuel D. Brooks, U.S. Dept. of Justice, Tax Div., Steven E. Cole, U.S. Department of Justice, Washington, DC, for United States of America.

### ORDER REVERSING AND REMANDING BANKRUPTCY COURT DECISION

BROOKS, District Judge.

This matter comes before the Court on appeal from the United States Bankruptcy Court for the Southern District of Indiana, The Honorable Basil H. Lorch, III, presiding.

The **Brief For Appellant, United States Of America** was filed April 11, 1994. The **Brief For Appellee, David Wayne Smith** was filed April 22, 1994, and the **Reply Brief For Appellant, United States Of America** was filed May 19, 1994.

### Statement Of Relevant Facts

There appears to be no significant disagreement on the facts. For the tax years 1984–89 the debtor-appellee, filed tax returns which substantially reflected his income, and he accurately reported his exemptions on all of the returns. There were certain tax liabilities and assessments for the years in question, but detailed examination of the debtor's obligations and payments are not relevant to the Court's present inquiry.

The court's primary focus will be on the debtor's filing of false W–4 forms for each of the taxable years in question, by claiming excessive exemptions. In 1986 he claimed fourteen (14) exemptions. He claimed four (4) in 1987 and nine (9) in 1989.

There is no dispute that the underpayment of the appellee's tax liabilities was directly related to his overstating his exemptions. Mr. Smith, the appellee, was a single person with no children during the relevant years in question.

The debtor admits that the claimed exemptions were false but says that he believed he could do so as long as he claimed the correct exemption on his tax returns. The debtor admits that he did so in order to have less taxes withheld from his wages or earnings, and therefore realize more spendable income throughout the year. (Transcript Of Trial Before The Honorable Basil H. Lorch, III,

J.U.S.B.C. at 66–67, hereinafter "Tr. at ——".)

## Issues Presented On Appeal

The issue to be decided is whether the debt is dischargeable under Section 523(a)(1)(C) of the Bankruptcy Code. That is, as this section provides, did the debtor "willfully attempt[ ] in any manner to evade or defeat such tax"? Appellant specifically claims that the bankruptcy judge, in interpreting "willfulness," improperly applied the criminal standard rather than the civil standard.

## Jurisdiction

This Court has jurisdiction to review this matter pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8001 as a direct appeal from a final order and judgment of the United States Bankruptcy Court for the Southern District of Indiana, Evansville Division.

## Standard Of Review

This Court reviews the Bankruptcy Court's conclusions of law *de novo* and factual findings are reviewed for clear error. Bankruptcy Rule 8013; *In Matter of West,* 22 F.3d 775 (7th Cir.1994); *Matter of Bonnett,* 895 F.2d 1155, 1157 (7th Cir.1989). The appellant has the burden of proving non-dischargability by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 281, 111 S.Ct. 654, 656, 112 L.Ed.2d 755 (1991).

## Discussion

Section 727 of the Bankruptcy Code broadly proclaims that the court shall grant the debtor a discharge, but Section 523 notes that

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty

(C) with respect to which the debtor made a fraudulent return or willfully

attempted in any manner to evade or defeat such tax.

11 U.S.C. § 523(a)(1)(C).

■ Since the terms "willfully," "attempted," and "in any manner" are not defined in the Bankruptcy Code, courts have looked for guidance to corresponding sections of the Internal Revenue Code ("I.R.C."). Section 7201 of the I.R.C., a criminal section, imposes a standard on the government that is higher than would be required in the civil context. Section 7201, as clarified in *Cheek v. United States,* 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), requires the Government to demonstrate that the tax evader acted with "a bad purpose" or "an evil motive." *See* 26 U.S.C. § 7201; 498 U.S. at 196, 111 S.Ct. at 607–08. However, the Supreme Court noted in *Cheek* that its holding was limited to the criminal context. 498 U.S. at 200, 111 S.Ct. at 609–10. Courts in the Civil tax realm have rejected application of *Cheek's* "bad motive" requirement to define "willfully" as a voluntary, conscious and intentional violation of a known legal duty. *See Cheek,* 498 U.S. at 196–200, 111 S.Ct. at 607–10; *Toti v. United States (In re Toti),* 24 F.3d 806, 809 (6th Cir.1994) ("§ 523(a)(1)(C) includes both acts of commission and acts of omission"), *cert. den'd,* —— U.S. ——, 115 S.Ct. 482, 130 L.Ed.2d 395 (1994); *In re Ketchum,* 177 B.R. 628 (E.D.Mo.1995); *United States v. Haas (In re Haas)* 173 B.R. 756, 758–59 (S.D.Ala.1993), *Gilder v. United States (In re Gilder),* 122 B.R. 593, 595–96 (Bankr.M.D.Fla.1990). Therefore, there is no requirement of an affirmative act of fraud with evil motive under § 523. *See Id.; see also Domanus v. United States,* 961 F.2d 1323, 1326 (7th Cir.1992) ("The special definition of 'willfully' for criminal tax statutes is not required in applying civil tax statutes. Taxpayer errors in the civil context are corrected by the assessment of the deficiency and its collection with interest for delay.").

■ Moreover, the phrase "in any manner," is interpreted broadly and regularly includes attempts to evade payment of tax as well as actions to avoid assessment of tax. *See, e.g., In re Ketchum,* 177 B.R. at 631; *United States v. Haas (In re Haas),* 173 B.R. 756, 758 (S.D.Ala.1993); *United States v.*

*Sumpter (In re Sumpter)*, 170 B.R. 908, 913 (E.D.Mich.1994); *Jones v. United States (In re Jones)*, 116 B.R. 810, 814–15 (Bankr. D.Kan.1990). In this case "in any manner" will be read to include the debtor's attempts to evade payment of taxes through excessive exemptions.

*In re Gilder, Fernandez v. I.R.S. (In re Fernandez)*, 112 B.R. 888 (Bankr.N.D.Ohio 1990), and *In re Ketchum* are factually similar to the case at bar. In each case the debtor claimed excessive exemptions and did so for the express purpose of eliminating the withholding of federal income taxes from his wages. By signing the W–4 form and claiming the excessive exemptions, the debtor is saying under penalty of perjury that he is entitled to the claimed exemptions, that he incurred no federal income tax liability for the prior year and did not anticipate any tax liability for the current year. In this and other cases the debtor's filing of the false withholding forms was done with the intention of disrupting the orderly process of income tax correction, and by not doing so, the mechanism for collecting taxes is defrauded. *See In re Gilder, In re Fernandez,* and *In re Ketchum.* As the *Toti* court emphasized, "the purpose of the Bankruptcy Code is to allow the honest debtor a fresh start." *Toti,* 24 F.3d at 809.

The Bankruptcy Court found that "[t]he debtor intentionally claimed an increased withholding allowances on some of the W–4s submitted to employers during the taxable years in question for the purpose of maximizing disposable income for family support and had a good faith intention to file accurate returns and pay the tax liability due as reflected herein." (Findings Of Fact, ¶ 9.) From this factual finding the Bankruptcy Court concluded that the underwithholding on the Form W–4 was insufficient to constitute a willful attempt to evade or defeat liability for purposes of dischargability under § 523(a)(1)(C).

 In the view of this Court, the Bankruptcy Court applied the wrong legal standard. The Bankruptcy Court cited *Cheek* for the proposition that "[W]illful connotes an act done with a bad purpose or with an evil motive." (Order And Judgment at 8.) It is this Court's position that "willful" in this context requires only a voluntary, conscious and intentional violation of a known legal duty. The Bankruptcy Court therefore erroneously granted the debtor a discharge.

**IT IS HEREBY ORDERED** that the final order and judgment of the bankruptcy court dated January 10, 1994 is **REVERSED** and this matter is **REMANDED** for factual findings through application of the proper legal standard.