In re Gregory John HEDGECOCK and Dianne Marie Hedgecock, Debtors.

UNITED STATES of America, Appellant,

v.

Gregory John HEDGECOCK, and Dianne Marie Hedgecoc'·, Appellees.

Civil No. 93–6071–BE.
Bankruptcy No. 690–61471–H7.
Adv. No. 90–6233–H.

United States District Court,
D. Oregon.

Aug. 27, 1993.

Gregory John Hedgecock and Dianne Marie Hedgecock, pro se.

Mark Nebergall, Alisa R. Margolis, U.S. Dept. of Justice, Washington, DC, for defendant.

## OPINION

BELLONI, District Judge.

Appellant, the United States of America, appeals from a judgment of the United States Bankruptcy Court for the District of Oregon entered on October 21, 1992, finding that certain taxes and penalties assessed against *pro se* appellees, Gregory J. Hedgecock and Diane M. Hedgecock, are dischargeable.

The judgment of the Bankruptcy Court is affirmed in part and reversed in part. This matter is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.

## BACKGROUND

Appellees filed their bankruptcy petition on April 24, 1990. The Bankruptcy Court was called upon, in an adversary proceeding, to make a determination concerning the dischargeability of certain taxes and penalties assessed against appellees for the 1984, 1985, and 1986 tax years. The Bankruptcy Court entered orders on August 18, 1992, and August 24, 1992, and issued its judgment on October 21, 1992.

Appellees' handling of tax matters during the relevant time period may be summarized briefly. Appellees filed their 1984 tax return on March 27, 1987. The return showed income in the amount of $170,000 and reported tax due in the amount of $36,501. No payment accompanied the return. Additionally, the return reported no taxes withheld from salary and no quarterly payments of estimated tax. Appellees' 1985 tax return was filed on January 4, 1988. It showed income of $112,000 and recorded tax due of $35,489. No payment accompanied the return. Again, appellees reported no withholding and no payment of quarterly estimated tax. Appellees filed their 1986 tax return on October 20, 1987, after receiving an extension of time to file through October 5, 1987. The 1986 return showed tax due in the amount of $6,951. No payment of tax was made and no withholding or quarterly estimated payments were reported.

The Internal Revenue Service (IRS) issued a notice of deficiency to appellees showing a $29,490 deficiency for 1984, a $19,436 deficiency for 1985, and a $19,432 deficiency for 1986. Additionally, the IRS assessed penalties against appellees under 26 U.S.C. § 6651(a) based on their failure to file timely returns in 1984 and 1985. The IRS also imposed a negligence penalty under former § 6653(a) of Title 26 for all three tax years. Finally, the IRS imposed a penalty for substantial understatement of tax due under former § 6661 of Title 26.

On November 5, 1985, in response to an IRS request for information, appellee Gregory Hedgecock notified the IRS that no information would be provided because the IRS request failed to display O.M.B. numbers. On December 31, 1985, appellees sent letters to the IRS service center in which they attempted to revoke their signatures on all tax-related documents and rescind their social security numbers.

In July 1986, IRS agents visited appellees' residence. Dianne Hedgecock refused to identify herself to the agents. She also stated that Gregory Hedgecock was out of the country. In October 1986, Gregory Hedgecock was interviewed by IRS agents. In response to inquiries about his tax records, he stated that all tax records for the years 1984 through 1986 had been destroyed in an accidental fire at his home.

Following the IRS investigation, appellee Gregory Hedgecock was charged by information with willfully failing to file income tax returns for 1984 and 1985. He entered a guilty plea to the 1985 count in exchange for the dismissal of the 1984 count.

Appellees' primary source of income during the relevant time period was an Amway business. In the proceedings below, appellees claimed that their failure to file returns and pay taxes when due was the result of financial hardship. Specifically, they contended that their Amway business was in decline and, for this reason, they lacked sufficient income to pay their tax bill. Appellant disputed this claim of financial hardship.

The Bankruptcy Court made numerous factual findings concerning the circumstances surrounding appellees' failure to file returns and pay taxes. The court acknowledged that appellees might have experienced some financial difficulties during the mid–1980s, but nevertheless concluded that they enjoyed a good income and were living comfortably. It also found that Gregory Hedgecock became a member of a tax protester organization, the American Freeman Association (AFA), in 1984, and that he actively adhered to its tenets in the mid–1980s. Regarding Gregory Hedgecock's "protest letters" to the IRS, the court found that the purpose of those letters was to delay the IRS's investigation of appellees' tax situation. Finally, the court expressed skepticism about the fire that allegedly destroyed appellees' tax records at the time of the IRS investigation.

Based on the above facts, the Bankruptcy Court issued a letter opinion on August 18, 1992, in which it found that the tax penalties assessed against Gregory Hedgecock for the 1985 tax year are dischargeable under 11 U.S.C. § 523(a)(7). The court reiterated its ruling on this question in its letter opinion of August 24, 1992. The court also ruled, in its judgment of October 21, 1992, that the tax liability assessed against Dianne Hedgecock for the 1984 and 1985 tax years was not excepted from discharge under 11 U.S.C. § 523(a)(1)(C).

## STANDARDS

■ The district court acts as an appellate court when it reviews a bankruptcy court judgment. *Daniels–Head & Assoc. v. William M. Mercer, Inc. (In re Daniels–Head & Assoc.)*, 819 F.2d 914, 918 (9th Cir.1987). The district court reviews questions of law *de novo*. *Id.* Mixed questions of law and fact are also reviewed *de novo*. *In re Woodson Co.*, 813 F.2d 266, 270 (9th Cir.1987). The court may not set aside findings of fact unless they are clearly erroneous. Fed. R.Civ.P. 52(a); Bankr.R. 8013.

## DISCUSSION

This appeal presents three distinct issues:

(1) Whether the Bankruptcy Court erred in its finding that penalties imposed on Gregory Hedgecock for failure to file tax returns, failure to pay tax, negligence, and substantial understatement of tax due are dischargeable under 11 U.S.C. § 523(a)(7).

(2) Whether the Bankruptcy Court erred in its finding that liability for willful tax evasion under 11 U.S.C. § 523(a)(1)(C) requires proof that the taxpayer intentionally violated a known legal duty.

(3) Whether the Bankruptcy Court erred in its finding that Dianne Hedgecock did not willfully attempt to evade payment of her 1984 and 1985 income tax.

My analysis of these issues is set forth below.

I. *The Bankruptcy Court correctly found that the penalties assessed against Gregory Hedgecock are dischargeable under 11 U.S.C. § 523(a)(7).*

The IRS imposed penalties against Gregory Hedgecock for failure to file tax returns, failure to pay tax, negligence, and substantial understatement of tax liability. The penalties pertained to the 1985 tax year. The 1985 tax return was due on April 15, 1985, but was not filed until January 4, 1988. Relying on 11 U.S.C. § 523(a)(7), the Bankruptcy Court found that the penalties are dischargeable. I agree with that determination.

Pursuant to § 523(a)(7), tax penalties are not dischargeable if they relate to a kind of tax referred to in 11 U.S.C. § 523(a)(1) and arise from a transaction or event that occurred during the three-year period prior to the filing of the bankruptcy petition. There is no dispute that the penalties at issue relate to a tax of the type identified in § 523(a)(1). The question, therefore, is whether those penalties were based on events which took place before April 24, 1987, the date three years prior to the filing of the bankruptcy

petition. If so, the penalties are dischargeable.

The Bankruptcy Court determined that the event on which the penalties was based was the failure of appellees to file their returns and pay their taxes when due. Because the due date, April 15, 1985, pre-dated the filing of appellees' petition by more than three years, the Bankruptcy Court determined that the penalties were dischargeable.

Appellant disagrees with this reasoning. It observes that, under 26 U.S.C. § 6651(a), the failure to file a return and pay taxes when due results in the imposition of a penalty which increases incrementally for each additional month the taxpayer is delinquent. Appellant argues that these monthly increases are not merely enhancements of the initial penalty amount, but instead represent the imposition of new and separate penalties under the statute. Accordingly, it concludes that any monthly increases in the penalty amount which accrued during the three-year period prior to the filing of appellees' bankruptcy petition should be regarded as new, nondischargeable penalties, even though the due date for the return and tax pre-dated the three-year period. Appellant further argues that, with respect to the penalties for negligence under former § 6653(a) and substantial understatement of tax liability under former § 6661, those penalties arose at the time appellees filed their return, rather than on the April 15, 1985, due date. Because the return was filed within three years of the bankruptcy petition, appellant contends that those penalties are similarly ineligible for discharge.

In its letter opinions dated August 18 and 24, 1992, the Bankruptcy Court rejected appellant's argument that, as used in § 523(a)(7), the phrase "transaction or event" refers to the filing date of the return. It noted that penalties under § 6651(a) do not arise from the filing of a late return, but are instead linked to the taxpayer's failure to file a return and pay tax on the due date. It further determined that, as evidenced by *McKay v. United States*, 957 F.2d 689 (9th Cir.1992), *In re Roberts*, 906 F.2d 1440 (10th Cir.1990), and other decisions, courts faced with interpreting § 523(a)(7) have implicitly found that the reference to "transaction or event" means the date on which the return is due.

■ Appellant maintains that this issue is one of first impression and, for this reason, the authorities cited by the Bankruptcy Court are of limited value. I recognize that those decisions do not directly confront the question of statutory interpretation at issue here. Even so, I agree with the Bankruptcy Court's analysis. With respect to the penalties under § 6651(a), there is no question that the transaction or event to which those sanctions relate is the failure to file a return and pay tax on the due date. Although the penalties imposed under the provision increase with each month the taxpayer remains in non-compliance, this monthly accretion merely changes the amount of the taxpayer's liability—it does not alter the date of the transaction giving rise to the penalties. Therefore, appellant's argument that the monthly increases under the statute should be treated as new penalties, while inventive, is not persuasive. Accordingly, I affirm the Bankruptcy Court's ruling that the penalties imposed under § 6651(a) are dischargeable.

■ Similarly, I find that the penalties imposed under former § 6653(a) and former § 6661 are dischargeable. If, as appellant contends, the filing of a late return is the transaction which gives rise to the penalties for negligence and substantial understatement of tax liability under those statutes, a taxpayer could avoid the penalties through the simple act of refusing to file a return. It is unlikely that such a result was intended by the framers of the code. Moreover, appellant has identified no provision which would preclude the IRS from assessing penalties under former § 6653(a) and former § 6661 in cases where the amount of a taxpayer's understatement of tax is ascertainable, but no return has been filed. I therefore conclude that Gregory Hedgecock's liability for penalties under former § 6653(a) and former § 6661 arose on the designated due date for the filing of the 1985 tax return. Because that date precedes the filing of the petition by more than three years, the Bankruptcy Court correctly ruled that the penalties are

dischargeable. The Bankruptcy Court's ruling on this issue is affirmed.

## II. *The Bankruptcy Court erred in its interpretation of 11 U.S.C. § 523(a)(1)(C).*

Appellant's next assignment of error concerns the Bankruptcy Court's interpretation of 11 U.S.C. § 523(a)(1)(C), which exempts from discharge any debt for tax "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." The Bankruptcy Court determined that, in order to establish a willful attempt to evade tax on the part of the debtor, it must be shown by a preponderance of the evidence that the debtor voluntarily and intentionally violated ·a known legal duty and, in addition, took some affirmative act to evade payment of tax. This standard, the court observed, does not differ from the standard applied under the criminal provision of the tax code, 26 U.S.C. § 7201, which makes it a felony to "willfully attempt[ ] in any manner to evade or defeat any tax ... or the payment thereof...." [1]

Appellant maintains that the Bankruptcy Court incorrectly relied on § 7201 in its interpretation of § 523(a)(1)(C). It contends that, although the two statutes contain similar language, the differences between them require that different definitions be used in their interpretation. Observing that § 523(a)(1)(C) is a civil statute, appellant argues that there is no need for the heightened showing of "willfulness" required in the context of a criminal statute. Therefore, appellant maintains, evidence that a taxpayer intentionally violated a known legal duty or committed an affirmative act in an attempt to evade taxes should play no part in the § 523(a)(1)(C) analysis. The proper interpretation, it concludes, is that tax debts should be found nondischargeable under § 523(a)(1)(C) where there is evidence that

the taxpayer's actions were neither unintentional nor accidental.

 There are indeed similarities in the language of § 523(a)(1)(c) and § 7201. Nevertheless, I agree with appellant that the term "willfully," as used in § 523(a)(1)(C), should be defined, as it is in other civil tax statutes, to mean voluntary, conscious, and intentional. First, I hesitate to invoke "a criminal statute as the basis for such a restrictive reading of a civil one, even though the exceptions to discharge are to be strictly construed in favor of debtors." *In re Jones,* 116 B.R. 810, 815 (Bankr.D.Kan.1990) (comparing the language of § 7201 and § 523(a)(1)(C)). This is particularly true because the language of § 523(a)(1)(C) contains no indication that a heightened level of proof, such as evidence of affirmative acts, is required in order to show willfulness. Secondly, requiring an affirmative act of evasion would frustrate the intent underlying the bankruptcy code's discharge provisions. As the court in *In re Jones* recognized, if § 523(a)(1)(C) is construed to mean that only debtors who commit affirmative acts of tax evasion are disqualified from discharge, then debtors who elude taxes through acts of omission would be left with a lucrative device for avoiding payment. *Id.* at 815. It is unlikely that the framers of the code intended such a result.

Finally, I observe that other courts confronted with this issue have concluded that a civil definition of "willfully" must be applied to § 523(a)(1)(C). For example, in *United States v. Toti,* 149 B.R. 829 (Bankr.E.D.Mich. 1993), the court rejected the suggestion that § 523(a)(1)(C) should be interpreted in a manner consistent with § 7201. It instead held that "the proper definition of 'willfully attempted to evade' in the context of an 11 U.S.C. § 523(a)(1)(C) discharge case is that found in other civil tax cases—voluntary, conscious and intentional." *Id.* at 834. Other

---

1. Applying this standard to appellees, the Bankruptcy Court ruled that Gregory Hedgecock's tax obligations were not dischargeable under § 523(a)(1)(C). It observed that Mr. Hedgecock had intentionally and voluntarily violated his duty to pay taxes and had taken steps to frustrate the IRS's investigation of his tax situation. With respect to Dianne Hedgecock, however, the court

ruled that appellant had not met its burden of proof. It noted that Mrs. Hedgecock did not intentionally violate a known legal duty nor take action to avoid payment of tax. It instead found that Mrs. Hedgecock had entrusted her financial affairs, including the handling of tax-related matters, to her husband.

courts have reached a similar conclusion. *See e.g., In re Jones; In re Berzon,* 145 B.R. 247 (Bankr.N.D.Ill.1992). The reasoning of these cases is persuasive.

Based on the foregoing, I find that the Bankruptcy Court's reliance on the criminal provisions of the tax code was improper. Liability under § 7201 requires proof of an affirmative act constituting an attempt to evade taxes on the part of a taxpayer, *see Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965), but there is no justification for requiring this heightened quantum of proof in assessing a debtor's eligibility for discharge under § 523(a)(1)(C). The provision's use of the word "willfully" merely denotes the particular state of mind which accompanies a debtor's attempts to evade or defeat taxes. Further, in view of my determination that a civil law definition must be applied to the statute, a finding that debts are nondischargeable under § 523(a)(1)(C) does not depend on evidence that a debtor intentionally violated a known legal duty. To fall within the statute, it need only be shown that a debtor's conduct amounts to an intentional and knowing effort to evade or defeat taxes.

III. *The Bankruptcy Court must evaluate the dischargeability of Dianne Hedgecock's 1984 and 1985 tax liability under the proper legal standard.*

For its final assignment of error, appellant maintains that the Bankruptcy Court erred in finding that Dianne Hedgecock's 1984 and 1985 tax liability was not excepted from discharge under § 523(a)(1)(C). In view of my determination that the Bankruptcy Court failed to apply the proper legal standard, the dischargeability of that liability must now be reconsidered. The Bankruptcy Court made numerous factual findings concerning the circumstances of appellees' tax difficulties, but the information in the record is nevertheless too limited to enable this court to decide the question at hand. A remand to the Bankruptcy Court is therefore necessary.

## CONCLUSION

The Bankruptcy Court's determination that the tax penalties assessed against Greg-ory Hedgecock for the 1985 tax year are dischargeable under 11 U.S.C. § 523(a)(7), as stated in its letter opinions of August 18 and 24, 1992, is affirmed. The Bankruptcy Court's determination that the tax liability of Dianne Hedgecock for the 1984 and 1985 tax years is not excepted from discharge under 11 U.S.C. § 523(a)(1)(C), as set forth in its judgment of October 21, 1992, is reversed. The case is remanded to the Bankruptcy Court for reconsideration of this finding in light of the legal standard set forth in this opinion.