In re Frank W. MILLER, Melinda
J. Miller, Debtors.

Frank W. MILLER, Melinda
J. Miller, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 93–159–8P7.
Adv. No. 93–201.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 11, 1994.

R. John Cole, II, Sarasota, FL, for plaintiffs.

Philip A. Doyle, Washington, DC, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case, and the matter under consideration is the dischargeability, vel non, of the debt for federal income taxes and civil fraud penalties due and owing by Frank W. Miller and his wife, Melinda J. Miller (Debtors) in the amount of $106,235.45. The claim of nondischargeability is asserted by the United States of America (Government) which contends that this obligation should be excepted from the over-

all protective provisions of the general bankruptcy discharge because the Debtors failed to timely file federal income tax returns for the six years 1975 through 1980 and as such, willfully attempted to evade or defeat such tax. Thus, according to the Government, this debt is nondischargeable by virtue of Section 523(a)(1)(C) of the United States Bankruptcy Code. The facts relevant to this controversy as established by the record are undisputed and may be summarized as follows.

During the relevant time, Debtor, Frank Miller, was a builder and sole shareholder of a corporation, Apple Construction, Inc. (Apple). All of the property owned by the Debtors or Apple was heavily leveraged and much of it was foreclosed upon and sold. The Debtors failed to file their federal income tax returns for the years 1975 through 1980. During that time, the Debtors had income and were aware that the returns were required to be filed but failed to do so. Ultimately, in 1980, the I.R.S. contacted the Debtors and all of the Debtor's records and receipts related to the tax years in question were turned over to the I.R.S. In 1986 the returns were completed by the I.R.S. and signed by both debtors. All of the taxes involved were assessed on March 7, 1986 and were therefore due more than three years before the commencement of this Chapter 7 case. All of the tax returns were filed more than two years prior to the petition date. The Debtors admit that while they were aware that they were required to file the returns, they had no money at that time to pay any taxes which might be owing, nor the funds to pay a C.P.A. for the preparation of the tax returns. However, during the years following the filing of the returns the Debtors made payments toward the outstanding taxes in the amount of approximately twenty-eight thousand dollars ($28,000.00).

■ Based on the foregoing, the Government contends that the tax obligations for the relevant years should be excepted from discharge pursuant to Section 523(a)(1). It is without serious dispute that the taxes due to the Government, by the Debtors, are "stale" taxes since they became due and owing more than three years before the commencement of this case. As such, these obligations are eligible for discharge absent a showing by the Government that there is a basis to except them from the general discharge provisions of the Code. In support of their contention, the Government relies on Section 523(a)(1)(C) of the Code which provides in pertinent part, as follows:

§ 523. Exceptions to Discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade of defeat such tax.

■ The definition of "willful attempt to evade" in the context of an 11 U.S.C. § 523(a)(1)(C) discharge case is that found in other civil tax cases—voluntary, conscious, and intentional. There is no requirement of an affirmative act or commission. . . . *In re Toti*, 149 B.R. 829 (E.D.Mich.1993). However, the Government contends that even if an affirmative act is required by Section 523(a)(1)(C), the Debtors deliberate and repeated failure to file returns on their own for fear of federal tax collection is a sufficient affirmative act to make the tax liabilities nondischargeable under the exception set forth in Section 523(a)(1)(C). The Government also contends, that the Debtor's knowledge that the tax returns needed to be filed, and therefore deliberate failure to file is a voluntary and willful failure to comply with the tax laws and supports a determination of nondischargeability under Section 523(a)(1)(C).

The Debtors rely on the theory that the meaning of "willful" in § 523(a)(1)(C) should be interpreted synonymously with § 7201 of the Internal Revenue Code which deals with the requisite level of intent in order to establish a willful evasion of taxes. This definition places a high standard on the Government to establish willfulness by requiring evidence of an affirmative act to sustain a conviction under a criminal statute. As indicated in the facts, the Debtor took no affirmative action to evade taxes. As such they are seeking a

safe harbor under their definition of willful in the Code.

■■■ Recently, courts have addressed the proper interpretation and definition of "willful" in connection with the exception to discharge set forth in Section 523(a)(1) and have rejected the Debtors' contention. Because Section 523 is a civil statute, there is no need for a heightened showing of "willfulness" as required in the context of a criminal statute. *In re Hedgecock*, 160 B.R. 380, 384 (D.Ore.1993). The proper interpretation of the exception is that tax obligations should be non-dischargeable when there is evidence that the taxpayer's actions were neither unintentional nor accidental or due to misunderstanding or mere oversight. *Id.* A plain reading of § 523(a)(1)(C) includes both acts of commission and acts of omission. *In re Toti*, 24 F.3d 806 (6th Cir.1994). However, the willfulness must be related to an act which constitutes an attempt, in any manner to evade or defeat the tax. There is no precedent in existing case law where the debtor merely failed to file returns and lost the protection of the general discharge based on Section 523(a)(1)(C). Virtually every case which addresses this issue deals with a debtor who took some action in addition to merely not filing the required tax return. E.g., *In re Toti, supra* (debtor convicted of criminal tax fraud was denied discharge); *In re Hedgecock, supra* (debtor pleaded guilty to willfully failing to file tax returns, was granted discharge of tax liabilities).

While it is undisputed in the present case that the Debtor failed to file tax returns for six years, there is nothing in the record to dispute that when the Debtors turned all their books and records over to the I.R.S., it was done in good faith and there was no attempt by the Debtors to misrepresent or omit any information, nor was there any attempt by the Debtors to mislead, hinder or delay the efforts of the I.R.S. In addition it is established that the Debtor did make payments totalling approximately twenty-eight thousand dollars ($28,000.00) prior to the filing of their Petition for Relief with this Court.

As such, this Court is satisfied that the Debtors did not attempt to evade or defeat

the taxes and the outstanding unpaid taxes are not excepted from discharge pursuant to § 523(a)(1)(C) of the Code. With respect to the civil fraud penalties, the Government concedes that there was no independent basis for their assessment so the same standard should apply to their dischargeability as to the tax itself. Consequently, the civil tax fraud penalties are also dischargeable. A separate final judgment shall be entered in accordance with the foregoing.