**In re Richard William BLAKER, Debtor.**

**Richard William BLAKER, Plaintiff,**

**v.**

**The UNITED STATES of America, DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 95–4743–6B7.
Adv. No. 95–307.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Nov. 6, 1996.

Raymond J. Rotella, Orlando, FL, for Debtor.

Brian Schwalb, United States Department of Treasury, Internal Revenue Service, Jacksonville, FL, for U.S.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on Plaintiff's Complaint to Determine Dischargeability of IRS Debt. Appearing before the Court were Raymond J. Rotella, counsel for Plaintiff, Richard William Blaker; and Brian Schwalb, counsel for Defendant, the United States of America, Department of Treasury, Internal Revenue Service. After reviewing pleadings, evidence, exhibits, arguments of counsel, and live testimony of Richard William Blaker, Linda Dodge, John Scheidt, Barbara Renard, Allan Rich, and Cecilia Glunt, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The Debtor/Plaintiff, Richard William Blaker ("Mr. Blaker"), filed his petition for relief under Chapter 7 of the United States Bankruptcy Code on September 11, 1995. 11 U.S.C. § 101. Mr. Blaker filed a Complaint to Determine Dischargeability of IRS Debt under 11 U.S.C. § 523(a)(1)(C) (Doc. 1) on November 3, 1995.

Mr. Blaker and his wife ("Mrs. Blaker") incurred a tax liability of $28,355.76 on a joint return for the tax year 1989 and $17,510.61

on a joint return for the tax year 1990 (Ex. "A", U.S. Ex. 1–3, 29, 30). Tax returns for the tax years 1989 and 1990 were not timely filed and were filed in July and August of 1992, respectively. The joint returns were filed more than three years prior to Mr. Blaker's Chapter 7 bankruptcy proceeding. Any and all assessments for these tax years occurred more than 240 days prior to Blaker's Chapter 7 bankruptcy filing.

The United States of America, Department of Treasury, Internal Revenue Service ("IRS") argues that the tax liabilities for the tax years of 1989 and 1990 are nondischargeable because Mr. Blaker willfully evaded his tax obligations. Mr. Blaker disputes that he willfully evaded his tax obligation on the joint returns arguing that he had no knowledge of the falsehood of the joint returns he signed which Mrs. Blaker completed.

Mrs. Blaker was not a "housewife" as the joint returns noted, but rather an employee for Victoria Equities, Inc. Mrs. Blaker earned and embezzled significant sums of money from her employer during 1989 and 1990. Mr. Blaker knew that his wife was fully employed during 1989 and 1990 and that she had always worked. He also became aware of her embezzlement scheme before he signed the joint returns when in November 1991 she confessed to him that she had been stealing from Victoria Equities, Inc. Two months before Mr. Blaker signed the joint returns Mrs. Blaker was arrested and charged with felony grand theft, a charge to which she ultimately plead guilty.

Mr. Blaker signed the joint returns on June 19, 1992 which were prepared by Mrs. Blaker as was his usual practice. Mr. Blaker relied on his wife to manage all family financial matters and to prepare their tax returns. Mrs. Blaker would tell Mr. Blaker where to sign and he would do so without question or thorough inspection. Mr. Blaker completely deferred to his wife's judgment when it came to preparing, signing, and filing their tax returns. Mr. Blaker did not act with specific intent to conceal, mislead, or prevent collection of the taxes for the tax years of 1989 and 1990.

## CONCLUSIONS OF LAW

■ The issue before the Court, whether Mr. Blaker's tax liability incurred in the tax years 1989 and 1990 are dischargeable under § 523(a)(1)(C), is a question of fact to determine from the totality of the record.

■ The IRS bears the burden by a preponderance of the evidence under § 523(a)(1)(C) to prove nondischargeability. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755 (1991) *see also United States v. Williams*, 186 B.R. 521 (M.D.Fla.1995). Section 523(a)(1)(C) of the Bankruptcy Code provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 507(a)(7) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to defeat such tax.

11 U.S.C. § 523(a)(1)(C) *see Haas v. Internal Revenue Service*, 48 F.3d 1153, 1154 (11th Cir.1995). The "fraudulent return" and "willful evasion" elements of this section are to be read in the disjunctive. *See* 11 U.S.C. § 102(5).

■ Mr. Blaker did not intend to file a fraudulent return when, as was his usual practice, he signed the joint returns his wife prepared without reviewing them. Mr. Blaker, in underpaying his taxes, did not know that his return was false nor did he intend to evade his taxes. *Burgess v. United States*, 199 B.R. 201 (Bankr.N.D.Ala.1996) (citing to *In re Rivers*, 178 B.R. 9, 11 (Bankr.S.D.Ala. 1994)). Common indicia of certain "badges of fraud" are absent in this case. *Binkley v. United States*, 176 B.R. 260 (Bankr.M.D.Fla. 1994). Accordingly, the IRS fails to prove that Mr. Blaker filed fraudulent returns for the tax years 1989 and 1990.

■ Tax case precedents provide guidance for construing the "willful evasion" element of § 523(a)(1)(C). *Gilder v. United States*, 122 B.R. 593, 595 (Bankr.M.D.Fla. 1990) *see also In re Kirk*, 98 B.R. 51, 54–55 (Bank.M.D.Fla.1989). The IRS must show that Mr. Blaker acted with specific intent to

evade a tax believed to be owing. *Korecky v. Commissioner*, 781 F.2d 1566, 1568 (11th Cir.1986) (finding that the IRS in reference to I.R.C. § 6653(b) must prove that the taxpayer intended to evade the taxes that he knew or believed to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of such taxes). The IRS must establish the ultimate facts that (1) the Debtor had knowledge of the falseness of the return, (2) the Debtor had an intent to evade the taxes, and (3) there was an underpayment of the tax. *Considine v. U.S.*, 227 Ct.Cl. 77, 645 F.2d 925, 929 (1981), *cert. denied* 459 U.S. 835, 103 S.Ct. 79, 74 L.Ed.2d 76 (1982).

The IRS has not met this burden. Mr. Blaker had no knowledge of the falsehood of the returns prepared by Mrs. Blaker and he had no intent to evade the taxes owed. Mr. Blaker's contention that he blindly follows his wife's directions in signing tax returns without a cursory review is reasonable. There was no intent to misrepresent or omit any information nor was there an attempt to mislead the IRS. *Miller v. United States*, 176 B.R. 266, 268 (Bankr.M.D.Fla.1994).

"[T]ax obligations should be nondischargeable when there is evidence that the taxpayer's actions were neither unintentional nor accidental or due to misunderstanding or mere oversight." *Id.* at 268 *see In re Hedgecock*, 160 B.R. 380, 384 (Bankr.D.Ore.1993). There was no voluntary, conscious, nor intentional evasion of tax liabilities. *Toti v. United States*, 24 F.3d 806, 808 (6th Cir.1994) (citing to *Collins v. United States*, 848 F.2d 740, 742 (6th Cir.1988); *Domanus v. United States*, 961 F.2d 1323, 1326 (7th Cir.1992)). The IRS has failed to prove that Mr. Blaker committed a willful evasion under § 523(a)(1)(C) of the Bankruptcy Code for the tax years 1989 and 1990.

Mr. Blaker's IRS debts are dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C).