In re Robert Melvin KRAMER, Debtor.

Robert Melvin KRAMER, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 97–8154 CIV.

United States District Court,
S.D. Florida.

June 27, 1997.

Charles I. Cohen, Charles I. Cohen, P.A., Boca Raton, FL, for Plaintiff.

Paul G. Gill, U.S. Department of Justice, Tax Division, Washington, DC, for Defendant.

### ORDER VACATING ENTRY OF FINAL JUDGMENT

RYSKAMP, District Judge.

THIS CAUSE came before the Court upon the debtor's appeal from a decision by the United States Bankruptcy Court which held that the debtor, Robert Kramer, would not be permitted to discharge in bankruptcy tax liabilities to the Internal Revenue Service ("IRS") for the years 1978, 1979, and 1980.

For the reasons stated below, the Court now reverses that determination.

The general rule is that a debtor may discharge in bankruptcy taxes which became due more than three years preceding bankruptcy. 11 U.S.C. § 35(a) (1976 ed.).[1] However, one of the exceptions to this rule is that a debtor will not be discharged from "any debt for a tax or a customs duty ... with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." 11 U.S.C. § 523(a)(1)(C). The present appeal concerns the bankruptcy court's application of this exception to Kramer's tax debts.

Kramer seeks to have the his debt to the IRS discharged in bankruptcy. The United States contends that the taxes which Kramer owes to the IRS were obtained through the use of artificial tax losses, generated by a computer program which Kramer developed and used for First Western Government Securities ("First Western"), a company of which Kramer was both an officer and a customer. The United States argues that Kramer's computer program generated false losses, and thus that his tax liability should be considered fraudulent and nondischargeable.

The Bankruptcy Court agreed with the United States and held that Kramer's tax liability for the years 1978, 1979, and 1980 was nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(1)(C). The court held that "the Debtor made fraudulent returns for the tax years 1978, 1979 and 1980 and that the Debtor willfully attempted to evade or defeat his tax liability for those years." *Memorandum Opinion* at 3. The court based its decision on "findings of facts by the Court in Freytag and the fact that the Debtor was intimately involved with the operations of First Western." *Id.*

The *Freytag* opinion to which Judge Friedman refers is the United States Tax Court's opinion in *Freytag v. Commissioner*, 89 T.C. 849, 1987 WL 45307 (1987), *aff'd*, 904 F.2d 1011 (5th Cir.1990), *aff'd*, 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). There, the Tax Court held that the system of losses

from transactions in forward contracts generated by First Western were illusory and fictitious and not bona fide transactions, that the transactions were entered into primarily, if not solely for tax avoidance purposes, and that the petitioners claiming the deductions were liable for additional taxes under § 6653(a) of the internal revenue code. *Id.* at 875. Satisfied that the Tax Court's findings in Freytag evidenced Kramer's intention to defraud the government of tax revenues, Judge Friedman held the relevant tax liability was nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(C).

On appeal, Kramer argues that the bankruptcy court failed to comply with Rule 52 of the Federal Rules of Civil Procedure and Rule 7052 of the Federal Rules of Bankruptcy Procedure, which require the court to make specific findings of fact and law: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon." Fed.R.Civ.P. 52(a). In the case at bar, argues plaintiff, the bankruptcy court, rather than making its own findings of fact, relied on the Fax Court's opinion in Freytag, thus deploying the doctrine of collateral estoppel to Kramer's detriment without considering whether the elements of the doctrine were met.

■ The Court declines the parties' invitation to engage in a prolonged discussion regarding the domain of collateral estoppel. Upon review of the record and relevant legal authority, the Court finds that the bankruptcy court erred in holding that Freytag's conclusion that the scheme was designed with the purpose to avoid paying taxes necessarily means that Kramer had the specific intent to defraud the government when he engaged in the subject tax scheme. The lack of an independent record finding regarding Kramer's scienter in this matter constitutes reversible error.

■ The Eleventh Circuit has held that "a debtor's failure to pay his taxes, alone, does not fall within the scope of section

---

**1.** 11 U.S.C. § 35(a) controlled the terms of discharge of tax liability in bankruptcy during the years in which the plaintiff's tax liabilities arose (1978–1980).

523(a)(1)(C)'s exception to discharge in bankruptcy." *In re Haas,* 48 F.3d 1153, 1158 (11th Cir.1995). In order to bar dischargeability of three–year or older loans under the fraud exception, the government must demonstrate that the debtor "acted with specific intent to evade a tax believed to be owing." *Blaker v. United States,* 205 B.R. 326, 328–29 (Bankr.M.D.Fla.1996), *citing Korecky v. Commissioner,* 781 F.2d 1566, 1568 (11th Cir.1986); *see also In re Mickle,* 207 B.R. 958, 962 (Bankr.M.D.Fla.1997). This, in turn, requires a finding that "(1) the Debtor had knowledge of the falseness of the return, (2) the Debtor had an intent to evade the taxes, and (3) there was an underpayment of taxes." *Blaker,* 205 B.R. at 329, *citing Considine v. United States,* 227 Ct.Cl. 77, 645 F.2d 925, 929 (1981), *cert. denied,* 459 U.S. 835, 103 S.Ct. 79, 74 L.Ed.2d 76 (1982).

The Tax Court's opinion in *Freytag* discusses only the third of these elements. The bankruptcy court could not have derived the required "special" factual findings regarding Kramer's specific intent merely from perusing *Freytag.* To hold that the Tax Court's finding that the participants in First Western's scheme meant to avoid taxation mandates a finding that Kramer had specific fraudulent intent obliterates the venerable distinction between tax avoidance and tax evasion. *See Deal v. Morrow,* 197 F.2d 821, 826 (5th Cir.1952) (discussing distinction between avoidance and evasion); *see also United States v. Davenport,* 929 F.2d 1169, 1172 (7th Cir.1991) (same), *cert. denied,* 502 U.S. 1031, 112 S.Ct. 871, 116 L.Ed.2d 776 (1992); *Stewart v. Commissioner,* 714 F.2d 977, 987 (9th Cir.1983) (same). The bankruptcy court's order must therefore be reversed.

On remand, the court may consider the *Freytag* opinion in determining the propriety of the First Western's tax scheme. The court should, however, enter special factual findings as to Kramer's specific intent in employing the scheme to avoid paying taxes for the relevant years. Of course, this specific intent need not be proved directly, but may "be inferred from strong circumstantial evidence." *Akland v. C.I.R.,* 767 F.2d 618, 621 (9th Cir.1985). Nonetheless, without such a finding, the reviewing court cannot ratify the trier of fact's determination regarding fraud.

The bankruptcy court's entry of final judgment is hereby **VACATED** and this case is hereby **REMANDED** to the bankruptcy court for further proceedings consistent with this opinion. The Clerk of the District Court shall **CLOSE** this case and **DENY** all pending motions as moot.